L LEMMON, J.,
Concurring in the Denial.
La.Code Civ. Proc. art. 1915B, as added in 1997, was designed to allow a party to seek an immediate appeal from a partial judgment by applying to the trial court to designate the judgment as a final judgment for the purpose of an immediate appeal,[1] if the judge expressly determines appealability under the standard that there is no just reason for delay. Thus, for example, when a partial judgment decides an issue that is the “sticking point” in the litigation and the party or parties need an appellate decision on the issue in order to promote settlement negotiations, Article 1915B provides the procedural vehicle. However, the general rule is that a partial judgment is not immediately ap-pealable, and review of the issue decided by a partial judgment usually must await an appeal after trial on the merits.[2]
I question the pronouncement by the court of appeal that a party who does not seek designation of a partial judgment as immediately appealable thereby gives up Phis or her right to seek supervisory writs for review of the judgment. The irreparable injury standard[3] generally applicable to review of supervisory writs is not the same as the standard for designating a partial judgment as final for the purpose of an immediate appeal.[4] This court should address that issue in an appropriate case.[5]

. As amended by La. Acts 1999, No. 1263, La.Code Civ. Proc. art. 1911 now provides that an appeal may be taken from a final judgment enumerated in Article 1915A without the court's designating the judgment as immediately appealable. However, partial judgments, other than those enumerated in La. Code Civ. Proc. art. 1915A, are not appeal-able unless the trial court so designates.

. One of the principal purposes of La.Code Civ. Proc. art. 1915B was to assure parties that they did not have to pursue an appeal from a partial judgment (except those under La.Code. Civ. Proc. art,1915A) and would not risk loss of appeal rights by failing to do so.

. There is irreparable injury when the asserted error cannot be corrected, as a practical matter, on appeal after trial on the merits. See Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).

. In addition to the irreparable injury standard, the Supreme Court has jurisprudentially established guidelines for an appellate court's consideration of supervisory writs on the merits, despite the fact that the error can be corrected on appeal, in certain situations where judicial efficiency and fundamental fairness dictate such action. See Herlitz, supra.

. Supervisory writs are certainly available for review of the trial court's denial (or granting) of the request for designation. Otherwise, a trial judge who makes an erroneous ruling and then denies a request for designation thereby insulates the ruling from review.