MAX N. TOBIAS, JR., Judge.
11Maya Balakrishnan, the plaintiff/appellant, filed suit against the Louisiana State University School of Medicine in New Orleans and the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College, the defendants/appellees, seeking damages for alleged violations of 42 U.S.C. §§ 1981 and 1983 and for defamation. On 11 March 2008, the trial court rendered judgment, dismissing the 42 U.S.C. §§ 1981 and 1983 claims of the plaintiffiappellant against the defendants/appellees on the grounds of lack of subject matter jurisdiction and sustained the defendants/appellees’ exception of no cause of action on the plaintiff/appellant’s claim of defamation. Nevertheless, pursuant to La. C.C.P. art. 934, the trial court gave the plaintiffi'appellant thirty days to amend her petition to state with greater specificity her claims for defamation. On 10 April 2008, the plaintiff/appellant filed two separate pleadings: a supplemental and amending petition detailing her defamation claims and a motion to appeal the judgment dismissing her §§ 1981 and 1983 claims. The trial court granted the motion for appeal and did not assign reasons therefor.
|2The 11 March 2008 judgment appealed from is not final and has not been certified as final by the trial court. La. C.C.P. art. 1915 B states:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis supplied.]
The plaintiff/appellant has made no effort whatsoever to comply with article 1915 B and thus this court is presently without jurisdiction to review the judgment on appeal.
*907 Even assuming for sake of argument that we might have jurisdiction, the plaintiff/appellant’s claim for defamation remains viable at present and thus precludes this court from considering the appeal of the 11 March 2008 judgment. The facts relating to the unadjudicated defamation claim are inherently related to the facts relating to the §§ 1981 and 1988 claims that were dismissed by the trial court’s judgment that sustained the exception of lack of subject matter jurisdiction.
|sIn R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, the Supreme Court, resolving a conflict between the circuit courts of appeal, stated:
In order to assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. However, if the trial court fails to do so, we find the appellate court cannot summarily dismiss the appeal. For purposes of judicial efficiency and economy, we approve the approach taken by the First, Third and Fifth circuits, and hold the proper standard of review for an order designating a judgment as final for appeal purposes when accompanied by explicit reasons is whether the trial court abused its discretion. If no reasons are given but some justification is apparent from the record, the appellate court should make a de novo determination of whether the certification was proper. Of course, if after examination of the record the propriety of the certification is not apparent, the court of appeal may request a per curiam from the trial judge. Alternatively, the court of appeal could issue a rule to show cause to the parties requiring them to show why the appeal should not be dismissed for failure to comply with La.Code Civ. P. art. 1915, when the propriety of the certification is not apparent and the trial court has failed to give reasons for its certification. The following list of factors, although not exclusive, may be used by trial judges when considering whether a partial judgment should be certified as ap-pealable:
1) The relationship between the adjudicated and unadjudicated claims;
2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
* ⅜ *
14However, the overriding inquiry for the trial court is whether there is no just reason for delay. Courts of appeal, when conducting de novo review in matters where the trial court fails to give explicit reasons for the certification, can consider these same criteria. [Case and emphasis citation omitted; footnote omitted; emphasis added.]
R.J. Messinger, Inc., 04-1644 at pp. 13-14, 894 So.2d at 1122-1123.[1]
The non exclusive portions of the list in R.J. Messinger would apparently include those criteria that the Supreme Court noted in Herlitz Construction Co., Inc. v. *908 Hotel Inventors of New Iberia, Inc., 396 So.2d 878 (La.1981), to-wit:
(1) whether the decision will terminate the litigation between the parties;
(2) whether no dispute of fact needs to be resolved;
(3) judicial efficiency;
(4) fundamental fairness; or
(5) whether a future trial on the merits will be useless.
Applying these standards, we first note that the trial court made no effort to comply with article 1915 B; that is, the trial court did not certify the judgment as ap-pealable at all and gave no reasons why it was immediately appealable.
Second, reaching the merits of the §§ 1981 and 1983 claims will not terminate the litigation between the parties because the defamation issue must yet be resolved, especially in light of the trial court’s judgment granting the plaintiff/appellant the right to supplement and amend her petition, which in fact she has done and upon which the trial court has not ruled.
| .-/Third, disputes of fact remain and they are integrally related to the same facts giving rise to the plaintiffiappellant’s §§ 1981 and 1983 claims.
Fourth, no judicial efficiency will be gained by ruling on the §§ 1981 and 1983 claims presently; fundamental fairness, once all facts are known relative to the plaintiff/appellant’s defamation claim, demands that application of law of the case doctrine (which if we were to now rule on the §§ 1981 and 1983 claims would give effect to) should not preclude the plaintiff/appellant from developing all facts material to her remaining cause of action.
And finally, ruling now upon the §§ 1981 and 1983 claims will likely relegate the future merits trial to a vain and useless effort.[2]
No effort has been made by the trial court to comply with the statutory mandates of article 1915 B. The courts owe appropriate deference to the legislative mandate (statute) and the limitations placed upon the trial court and this court by the jurisprudence of the Louisiana Supreme Court.
Accordingly, we dismiss the plaintiff/appellant’s appeal without prejudice.

APPEAL DISMISSED.

ARMSTRONG, C.J., dissents.
ARMSTRONG, C.J., dissents.
|tI would hear this appeal. Therefore, I respectfully dissent.

. Messinger is technically inapplicable and/or distinguishable from the case at bar; the Court was considering a judgment certified as appealable without the trial court giving reasons why an immediate appeal was warranted and no just reason for a delay existed.

. We have no per curiam on the issue from the trial court.