396 So.2d 878 (1981)
HERLITZ CONSTRUCTION COMPANY, INC.
v.
HOTEL INVESTORS OF NEW IBERIA, INC. et al.
No. 81-C0231.
Supreme Court of Louisiana.
March 30, 1981.
PER CURIAM.
Granted. Plaintiff filed a petition for damages incurred as a consequence of defendants' failure to make timely payments under a construction contract. Defendants filed an exception of no cause of action, contending that the only item of damages recoverable for the failure to perform timely an obligation to pay money is interest. The trial court overruled the exception.
Defendants then applied for supervisory writs. The court of appeal denied, stating:
"Writs denied. This Court will not exercise its supervisory jurisdiction save in cases where there is palpable error in the ruling complained of, and then only if irreparable injury will ensue. No such showing being made, the application is denied."
A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. In cases in which peremptory exceptions are overruled, appellate courts generally do not exercise supervisory jurisdiction, since the exceptor may win on the merits or may reurge the exception on appeal.[1]
This general policy, however, should not be applied mechanically. When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. See Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir. 1978).
Here, the exception is arguably meritorious, and since there are no disputed facts and the maintaining of the exception would terminate the litigation, it is appropriate for the court of appeal to decide the merits of the application. Accordingly, the writ is granted, and the case is remanded to the court of appeal for a decision on the merits of the application.
NOTES
[1] To reason that there is no irreparable injury is to decide that relator has no right to appeal under C.C.P. art. 2083. (In that context irreparable injury occurs if any error in the ruling cannot as a practical matter be corrected on appeal. For example, once the trial court overrules an exception to the venue and the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal.) If appellate courts have appellate jurisdiction over interlocutory judgments which cause irreparable injury, then the courts' supervisory jurisdiction logically extends to interlocutory judgments that do not cause irreparable injury.