420 So.2d 548 (1982)
RELIANCE INSURANCE COMPANY, Plaintiff-Respondent,
v.
David P. TADLOCK and Robert E. Tadlock, Defendants-Applicant.
No. 15058-CW.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1982.
Rountree & Hicks by S. Maurice Hicks, Jr., Shreveport, for plaintiff-respondent.
Gist, Methvin, Hughes & Munsterman by David A. Hughes, Alexandria, for defendant-applicant.
Before PRICE, MARVIN and SEXTON, JJ.
PRICE, Judge.
Writs were granted in this case on the application of defendants, David P. Tadlock and Robert E. Tadlock, to review the correctness of a judgment denying their exceptions of res judicata and no right of action. Finding that grounds for sustaining the exception of no right of action exist, we reverse and set aside the judgment and order that the exception be sustained.
On June 22, 1980, David Tadlock was operating a vehicle owned by Robert Tadlock on Louisiana Highway 117 near Bellwood, Louisiana. C.E. Jones was operating a vehicle in which his wife, Goldie Jones, was a guest passenger. The two vehicles were involved in a collision when the Tadlock vehicle crossed the center line striking the Jones vehicle head-on. As a result of the collision, C.E. and Goldie Jones were fatally injured. At the time of the accident, David Tadlock was insured by State Farm Mutual Automobile Insurance Company. The plaintiff, Reliance Insurance Company, was the uninsured motorist insurer for C.E. and Goldie Jones.
On August 23, 1980, State Farm Mutual Automobile Insurance Company paid policy limits to the heirs of C.E. and Goldie Jones. Upon settlement, the heirs executed a full release in favor of the insurer and in favor of David Tadlock and Robert Tadlock.
The release provides as follows:
"FOR THE SOLE CONSIDERATION of Ten Thousand and 00/100 Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges David Tadlock and State Farm Mutual Automobile Insurance Company, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny *549 any liability, from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 22nd day of June, 1980 at or near Natchitoches, La.
Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages hereabove mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.
We reserve all our rights against Reliance Insurance Company.
Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above."
Subsequent to the settlement and execution of the release, plaintiff-insurer made payments to the Jones' heirs pursuant to the terms of its uninsured motorist coverage. On June 22, 1981, plaintiff-insurer filed the instant suit, naming David and Robert Tadlock defendants, seeking to recover these amounts paid to the heirs under the policy by means of subrogation.
On October 22, 1981, defendants filed the exceptions of res judicata and no right of action alleging that the releases executed by the heirs acted to bar the suit filed by plaintiff. On June 21, 1982, judgment was rendered dismissing the exceptions. On August 31, 1982, this court granted a writ of certiorari on defendants' application pursuant to the standard enunciated by the Supreme Court in Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., et al, 396 So.2d 878 (La. 1981), and further proceedings in the district court were stayed pending disposition by this court.
The defendants argue that the trial court erred in finding that an insurer who makes payment to its insured under the uninsured motorists provisions of its policy, subsequent to the insured's receipt of payment from and granting of a general release to the tortfeasor and his insurer, has subrogation rights against the tortfeasor. Plaintiff argues that the reservation of all rights against the uninsured motorist carrier contained in the release executed by the heirs included the reservation of the personal right of subrogation against the responsible parties which was triggered by payment under the uninsured motorist provisions of the policy.
In a recent case, Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981), the Supreme Court closely examined subrogation rights under the uninsured motorist statute. The court concluded that:
"... upon payment an insurer, pursuant to a subrogation agreement contained in its policy, becomes conventionally subrogated to its insured's right against the uninsured tortfeasor. Our general law governing subrogation, Civil Code Articles 2159-62, has not been repealed or replaced by the uninsured motorist statute and applies to an uninsured motorist carrier's subrogation to the right of its insured." Id. at 408.
The court noted that:
"[c]onventional subrogation occurs when the creditor, receiving his payment for a third person, subrogates him in his rights, actions, privileges, and mortgages against the debtor ..." LSA-C.C. art. 2160.
It is well settled that a subrogee can have no greater rights than the subrogor and acquires only those rights held by the subrogor as of the time of payment.
Therefore, it is clear that plaintiff, Reliance Insurance Company has no right of subrogation against defendants, David and Robert Tadlock. The release executed by the heirs acted to bar any subsequent claims against the Tadlocks and State Farm Mutual Automobile Insurance Company. Thus, when plaintiff made payments to the *550 heirs pursuant to the uninsured motorist coverage, the plaintiff could not be subrogated to any rights of the heirs against the Tadlocks. The rights of the subrogor-heirs to any future claims against the Tadlocks had been extinguished by the release which acted to automatically terminate any claims by the subrogee-insurer.
Plaintiff argues that the reservation of rights against the uninsured motorist carrier essentially acted to preserve its right of subrogation. This argument is without merit. The language in the release clearly states that the heirs are reserving all rights against plaintiff, Reliance Insurance Company, rather than "in favor of" or "for." This language can not be interpreted as reserving the personal right of subrogation against the responsible parties which would be triggered by payment under the uninsured motorist provisions of the policy.
For the reasons assigned, the judgment overruling the exception of no right of action is REVERSED and SET ASIDE and it is ordered that this exception be sustained and plaintiff's suit be dismissed at its costs.