ELORA C. FINK, Judge Pro Tem.
This is a personal injury suit arising out of an automobile accident in which the alleged tortfeasor, Eddie Sanders, was driving a rented automobile with the permission of the vehicle’s renter, Wilma Burns. The owner of the rented car, Agency Rent-a-Car, Inc. d/b/a Altra Auto Rentals, was made a defendant. Agency moved for summary judgment, asserting it provided no insurance to the renter and did not agree to indemnify the renter for any liability arising out of the use of the rented vehicle. It relied on the following provisions of its rental agreement:
INSURANCE PROTECTION FOR TEMPORARY SUBSTITUTE AUTOMOBILE TO BE PROVIDED BY CUSTOMER’S EXISTING INSURANCE. IF CUSTOMER’S INSURANCE FAILS FOR ANY REASON TO AFFORD COVERAGE, CUSTOMER SHALL BE SOLELY RESPONSIBLE, EXCEPT IN THOSE STATES LISTED ON THE REVERSE SIDE. [Louisiana is not listed on the reverse side.]
[[Image here]]
*152 Customer represents and warrants that he/she has a valid policy(ies) of automobile liability, collision and comprehensive insurance in force at the time of this rental and further represents and warrants that he/she shall maintain said policy(ies) of automobile insurance in force during the term of this rental. Lessor, relying on said warranty and representation, is not providing automobile liability, collision, comprehensive and/or medical expense insurance to the Customer or the person operating, using or otherwise occupying said Vehicle. (initials) WB
******
To the extent not covered by the customer’s policies of automobile insurance, customer shall indemnify and hold Lessor, its agents and employees harmless from all claims, demands and losses arising from the operation of the vehicle.
The district court denied summary judgment, whereupon Agency invoked the supervisory jurisdiction of this Court by analogy to Herlitz Construction Co. v. Hotel Investors of New Iberia, 396 So.2d 878 (La.1981), in which the Supreme Court stated:
When the overruling of the [peremptory] exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.
In light of recent jurisprudence, the application raises a serious question for our review; accordingly, we grant writs to consider the merits of the motion for summary judgment.
The issue is whether a self-insured rental car agency is obligated to provide omnibus insurance on its rental vehicles. Agency cites the recent case of Hearty v. Harris, 574 So.2d 1234 (La.1991), in which our Supreme Court held that the Louisiana Motor Vehicle Safety Responsibility Law does not require a self-insured to be responsible for the actions of persons using its vehicles and thus does not require the self-insured to provide omnibus coverage (defined as “insurance coverage [that] may be extended to other persons who are using the insured vehicle with the insured’s express or implied permission,” 574 So.2d at 1238).
In a plurality decision (two Justices joining with the author of the opinion, one Justice concurring, three Justices dissenting), the Court held that the Legislature did not intend rental agencies to bear financial responsibility for negligent actions of lessees operating leased vehicles in accordance with the terms of the lease, because the Legislature omitted any reference to omnibus coverage in the statute governing self-insurance:
We find no provision in the LMVSRL [Louisiana Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851-32:1043] which expressly requires a self-insured to be responsible for the actions of a person using the vehicle with the express or implied consent of the self-insured or the authorized driver(s). Had the legislature intended for self-insurers to provide omnibus coverage, it could easily have included a mandatory omnibus provision in La.R.S. 32:1042 which details the requirements and obligations of self-insurers. The failure of the legislature to prescribe omnibus liability for self-insurers, while specifically requiring policy holders and those who post security as proof of financial responsibility to provide omnibus coverage, evidences there is no legislative intent to require self-insurers to provide such coverage.
Unless and until the legislature of this state specifically mandates that self-insurers provide omnibus liability on their vehicles, we will- not require a self-insured to provide such coverage. To do so would be a usurpation of the legislative function and violative of the separation of powers doctrine. Consequently, we hold the LMVSRL does not compel [a self-insured] to provide omnibus coverage on its vehicles.
Hearty v. Harris, supra, at 1238-1239.
Applying this ruling to the matter before us, we are forced to conclude that Agency *153 is entitled to summary judgment. In response to the motion for summary judgment the plaintiffs asserted there was an issue of material fact regarding whether the rental vehicle was a “temporary substitute automobile.” Although that question may be a genuine issue of material fact regarding coverage by the renter’s own liability insurer, it is irrelevant to the question of coverage by Agency, which plainly disclaimed any insurance coverage in the provisions quoted above. Because Agency is a qualified self-insured, it is not required to provide omnibus coverage. Thus, there being no genuine issues of material fact, Agency is entitled to judgment as a matter of law.
For the foregoing reasons, the application is granted. The judgment of the district court is reversed and judgment is hereby rendered in favor of Agency Rent-a-Car, Inc. d/b/a Altea Auto Rentals, dismissing it from the suit. Costs are assessed against the plaintiffs.
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.