liThe defendants, State Farm Fire and Casualty Co. and William Smith, were sued by plaintiff, Rhonda Alexander, for personal injuries allegedly resulting from a slip and fall accident. Plaintiff filed an “In Limine Motion by Plaintiff to Admit into Evidence Proof of Plaintiff’s [sic] Subsequent Remedial Measures”, in anticipation of defendants objecting to the introduction into evidence proof that Mr. Smith subsequently repaired the premises where the accident took place. Plaintiff’s motion was denied by Judge Bob Hester and plaintiff files her writ application on this issue.
On August 22, 1990, Rhonda Alexander allegedly slipped and fell on a concrete walkway located in the common area outside her apartment building, sustaining injury. Plain *373 tiff alleges she knew the sidewalk was excessively slippery, but was very cautious in using it. Defendants allege it was raining at the time of the accident, inferring her fall was caused by the water on the walk. The apartment complex was owned by defendant, William B. Smith, and was insured by State Farm. Plaintiff alleges that the sidewalk contained a vice, was defective and unreasonably dangerous for its intended purpose; she invokes the doctrine of strict liability on the part of the owner. Plaintiff further alleges that approximately three days after the accident, Mr. Smith caused remedial measures to be performed on the premises; namely, the application of sand on a wet paint/coating to provide a more slip-resistant surface.
Prior to trial, plaintiff filed her motion in limine seeking to introduce evidence of the subsequent remedial measures. Defendants filed a motion in limine seeking to prohibit the introduction of the evidence. The trial judge denied plaintiffs motion in limine, orally, as evidenced by the minutes of court. Plaintiff seeks reversal of this denial in her writ application.
The issue presented to this Court is whether or not the trial court correctly denied plaintiffs motion in limine seeking to introduce evidence of subsequent remedial measures.
I2WRIT DENIED. This Court declines to exercise its supervisory jurisdiction. The criteria set forth in Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), are not met. Relator has an adequate remedy by review on appeal after a final judgment on the merits. Furthermore, there is no provision in the Louisiana Code of Civil Procedure for a motion in limine on evidentiary matters. This is not to say a trial judge cannot disclose his evidentiary rulings in advance of trial; however, such preliminary matters will not be reviewed by this Court.
LeBLANC, J. concurs in the writ denial.