PER CURIAM.
La.Code Civ.Proc. art. 253.1 requires the assignment of pleadings to various divisions of the district court by random allotment. The ruling on the alleged violation of this article by means of a non-random transfer of cases from one division to another is the subject of an alternative appeal/application for supervisory writs which is pending in the court of appeal.
The present application for supervisory writs involves the trial court’s denial of a stay of all non-discovery matters pending disposition by the court of appeal of the appeal/supervisory writ challenging the transfer orders. Because the rulings on the transfer issue cannot as a practical matter be corrected on appeal and were arguably incorrect, relator is entitled to have the court of appeal rule under its supervisory jurisdiction on the merits of the transfer issue. See Herlitz Constr. Co. v. Hotel Investors of New Iberia, 396 So.2d 878 (La.1981). Moreover, non-discovery matters should be stayed until the court of appeal rules on the merits of the transfer issue.
Accordingly, the rulings of the lower courts are set aside, and the court of appeal is ordered to stay all non-discovery matters in this action until the court of appeal rules expeditiously on the merits of the transfer issue which should be considered under the court’s supervisory jurisdiction.
KIMBALL, J., not on panel, recused.
BLEICH, J., recused.