ON APPLICATION FOR REHEARING AND/OR CLARIFICATION
ItPER CURIAM*
On motion for rehearing and/or clarification the application for rehearing is denied. However, the application for clarification is granted, and this court’s order of November 15, 1996 is amended to provide as follows:
Seeking damages for injuries incurred on a barge, plaintiff sued his employer and the barge owner. The barge owner cross claimed against the employer for contractual indemnity and for defense of the action.
The barge owner moved for summary judgment on the defense and indemnity issues under maritime law, and the employer moved for summary judgment seeking dismissal of the cross claim on the basis of the Louisiana Oil Field Anti-Indemnity Act, La. Rev.Stat. 9:2780.
The trial court denied the employer’s motion, but granted the barge owner’s motion and ordered defense and indemnity. The employer moved for a suspensive appeal; however, the trial judge granted a devolutive appeal.
The employer then applied for supervisory writs, seeking a suspensive appeal. The court of appeal denied the employer’s application with the following words: .
Relator will not suffer irreparable harm by waiting for its appeal. At the time of its appeal, the appellate panel, upon determining the issue |2of the validity of the legal defense and indemnification provisions of the Master Liability Agreement in light of the Louisiana Oilfield Indemnity Act, LSA-R.S. 9:2780, will award the cost of litigation to OPI or Dimensional depending upon its ruling. The right to defense, or lack thereof, includes legal representation during the appeal which has already been lodged, thus there is no need for a suspensive appeal. A monetary award at that time will suffice. Keep time and expense records.
We now grant the employer’s application, but grant different relief.
The parties and the lower courts incorrectly treated the summary judgment rendered by the trial court as an appealable partial final judgment. The judgment, which merely granted the barge owner’s demand for indemnification and defense, did not determine the merits of the case in whole or in part and thus was not a final judgment. La.Code Civ.Proc. art. 1841. Moreover, since any error in the judgment could be corrected on appeal, the judgment was not an interlocutory judgment that was appealable because it may cause irreparable injury. La.Code Civ. Proc. art. 2083; Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
Accordingly, the application is granted, and the ease is remanded to the court of appeal where applicant employer may supplement its original application within fifteen days and seek review of the summary judgment under the circuit court’s supervisory jurisdiction.

 Bleich, J. not on panel. Rule IV, § 3.