It CALOGERO, Chief Justice,
additionally concurring.
Defendant applied to the court of appeal for supervisory writs, seeking review of the ruling of the district court denying his motion in limine. On March 23, 2000, the court of appeal denied the writ application, finding the criteria set forth in Herlitz Construction Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), were not met. Defendant applied for rehearing from the denial of the writ application. On April 18, 2000, the court of appeal denied the application for rehearing without comment. Defendant then filed his application for writs in this court by hand on May 18, 2000, thirty days from the date of the denial of rehearing, but fifty-six days after the court of appeal’s original writ denial.
Supreme Court Rule X, § 5(a) provides that an application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing “in those instances where a rehearing is allowed.” Uniform Court of Appeal Rule 2-18.7 does not allow a rehearing from a writ denial. Accordingly, the thirty days for taking writs to this court commenced from the court of appeal’s March 23, 2000 writ denial, rendering defendant’s May 18, 2000 application untimely.
Notwithstanding, the district court’s ruling on the motion in limine may be revisited by the district court at the trial when it is submitted. Upon denial, the | ¡¡.defendant may reserve the issue for appellate review. However, this observation in no way indicates my view on the merits; I simply note it as a procedural matter.