831 So.2d 480 (2002)
MT. HAWLEY INSURANCE COMPANY. as Subrogee of ARR-MAZ Products, L.P. and ARR-MAZ Products, L.P.
v.
ADT SECURITY SYSTEMS, INC. and Sonitrol Management Corporation.
No. 02-CA-298.
Court of Appeal of Louisiana, Fifth Circuit.
October 29, 2002.
*481 Jeffery R. Learned, Grotefield & Denenberg, Bingham Farms, MI and Don Almerico, Luling, LA, for plaintiff-appellants.
Robert E. Couhig, Jr., Leslie A. Lanusse, Ralph H. Wall, Robert N. Markle, Adams and Reese, Orleans, LA, for defendant-appellee.
*482 Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
At issue in this case is whether genuine issues of material fact preclude the granting of a partial motion for summary judgment. We reverse and remand.

FACTS AND PROCEDURAL HISTORY
On June 25, 1993, ARR-MAZ Products, L.P. contracted with Sonitrol Management to install an alarm system and to monitor this system at its Convent, Louisiana facility. On February 7, 1999, a fire erupted at the facility completely destroying it. At the time of the fire the contract with Sonitrol was in effect and ARR-MAZ was insured by Mt. Hawley Insurance Company. Mt. Hawley paid ARR-MAZ's losses which exceeded two million dollars. Thereafter, Mt. Hawley filed suit against Sonitrol (as ARR-MAZ's subrogee) alleging it was grossly negligent. Specifically, Sonitrol did not make every reasonable effort to identify why alarms were sounding or contact the proper authorities or ARR-MAZ employees when those alarms sounded and certain systems failed on the night of the fire causing the fire to burn unfettered for hours.
Sonitrol filed a motion for summary judgment contending its contract was for the installation and monitoring of a security system which did not include a fire detection system. In the alternative it moved for a motion for partial summary judgment seeking to limit plaintiff's recovery to five hundred dollars based on a clause within the contract with ARR-MAZ which states:
12. LIMITATION OF DAMAGES
C. CLIENT understands and agrees that if DEALER should be found liable for any loss or damage due from a failure to perform any of its obligations or a failure of the equipment to properly operate, DEALER'S liability shall be limited to a sum equal to the total of one-half year's monitoring payments, or five hundred dollars, whichever is the lesser and this liability shall be exclusive and shall apply if loss or damage, irrespective of cause or origin, results directly or indirectly to persons or property from performance or non-performance of any of DEALER'S obligations or from negligence, active or otherwise, of DEALER, its employees or agents.
Plaintiff opposed the motion arguing that Sonitrol was supposed to provide the facility with emergency monitoring services and the failure to do so was grossly negligent.
After a contradictory hearing, the trial judge, issued written reasons for judgment. The trial judge denied Sonitrol's motion for summary judgment in which it sought to have the plaintiff's claims against it dismissed finding there are genuine issues of material fact regarding the scope of the contract between the parties. However, the trial judge granted the partial motion for summary judgment, stating:
Under Louisiana law, parties may contractually agree to exempt or limit the liability of one party, if the agreement clearly expresses such intent. The contract between Sonitrol and ARR-MAZ contained important agreements whereby ARR-MAZ agreed to waive any insurer's right of subrogation against Sonitrol and agreed to limit claims against Sonitrol to Five Hundred Dollars ($500.00)....
Consequently, Mt. Hawley and ARR-MAZ are estopped from recovering any amount in excess of the limited liability to which the parties agreed. The annual *483 service charge at the time of the fire was $1059.12; half of this amount is $529.56 which is greater than $500.00. Therefore, Sonitrol is entitled to partial summary judgment limiting any damages Sonitrol might be found liable for to Five Hundred Dollars ($500.00).
The trial judge designated the partial summary judgment as a final judgment. Plaintiff appeals this ruling questioning weather the partial motion for summary judgment was properly granted in light of its gross negligence claims. Sonitrol answered the appeal asserting that although the trial court did not address the issue of ARR-MAZ'S waiver of subrogation claims, Mt. Hawley is barred from recovering from it. Additionally, it argued the trial court erred in denying its motion for summary judgment because its contract with ARR-MAZ imposed no duty upon it to provide fire protection services.

DISCUSSION
At the outset, we address Sonitrol's contention that the trial court improperly denied its motion for summary judgment regarding its contractual duty to ARR-MAZ. In this case, the judgment complained of is not a final judgment under La.Code Civ. Proc. art. 1841., because it did not determine the merits of the case in whole or in part. Moreover, since any error in the judgment could be corrected on appeal, the judgment was not an interlocutory judgment that was appealable because it may cause irreparable injury. La. Code Civ. Proc. art.2083; Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). The merits of this contention are more properly addressed pursuant to this court's supervisory jurisdiction. Leonard v. Dimensional Oilfield Services, Inc., 96-1904 (La.11/15/96) 682 So.2d 1254.
Turning to plaintiff's assertion that the trial court erred in granting the partial summary judgment without considering its gross negligence claims, we note that La. Civ.Code art.2004 provides in pertinent part that, "Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party." Louisiana courts have frequently addressed the concept of gross negligence. It has been defined by our supreme court as "the want of even slight care and diligence." Lenard v. Dilley, 01-1522 (La.1/15/02), 805 So.2d 175. It is the want of that diligence which even careless men are accustomed to exercise. Id. Gross negligence, therefore, has a well-defined legal meaning distinctly separate, and different, from ordinary negligence. Ambrose v. New Orleans Police Dept. Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216. In our opinion, a finding of gross negligence requires a factual inquiry which is improper on summary judgment.
We review summary judgment on appeal de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226. The governing procedural provision is La. C.C.P. art. 966(B), which provides that a summary judgment motion will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Id. A fact is material when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Facts are also material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Id. Reviewing the pleadings in the light most favorable to the *484 non-moving party, we conclude that there are genuine issues of material fact concerning whether Sonitrol was grossly negligent in this case. Therefore, we hold that the trial court erred in granting Sonitrol's partial motion for summary judgment.

CONCLUSION
For the reasons assigned, the trial court's judgment is reversed and this case is remanded for further proceedings.
REVERSED AND REMANDED.