SAUNDERS, J.
hThe relators, George Coleman and the City of Alexandria (the city), seek a supervisory writ from the-judgment of the' trial court, which denied the relators’.exception of prescription.

STATEMENT OF THE CASÉ

The incident giving rise tq this suit occurred on U.S. Highway 165 in Rapides Parish, Louisiana, on March Í7, 2014. Lynkeith James, Sr.' (Lynkeith, Sr.) was *554 driving a .vehicle in which Lynkeith James, Jr. (Lynkeith, Jr.) was a passenger. Plaintiff, Reneka Shepard, is the owner of the vehicle and is Lynkeith, Jr.’s mother. The petition avers that a rock fell from the vehicle proceeding ahead of Plaintiffs vehicle. The City of Alexandria owned the vehicle from which the rock allegedly fell; its employee, George Coleman, was the driver of the city’s vehicle. The rock struck Plaintiffs vehicle, allegedly causing damage to it and causing Lynkeith, Jr. to sustain personal injuries.
On March 17, 2015, Plaintiff initially filed suit in Avoyelles Parish, Louisiana, naming as Defendants the relators and State Farm Mutual Automobile Insurance Company as the uninsured/underinsured motorist insurer for Reneka Shephard.[1] Although the caption of the case indicates that Ms. Shephard is appearing only on behalf of her minor child, paragraph VIII of the petition clearly advances a claim on behalf of Ms. Shephard, individually, for property damages, loss of use of the vehicle while it was being repaired, and towing and storage charges.[2]
| ¿The relators filed an exception of improper venue, apparently relying on La. R.S. 13:5104(A).[3] The trial court granted the exception by a written judgment, which reads, in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Declinatory Exception of Improper Venue by GEORGE COLEMAN and THE CITY OF ALEXANDRIA is hereby GRANTED as this Court finds the 12th Judicial District Court to be a court of [ijmproper venue for this matter pursuant to the Governmental Claims Act, La. R.S. 13:5101 et seq.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this matter be transferred to the 9th Judicial District Court for the Parish of Rapides, Louisiana.
Thus, upon transfer of the case to the Ninth Judicial District Court, the relators filed their Peremptory Exception of Prescription. In this exception, the relators contended that Plaintiffs suit was prescribed since the suit was originally filed on the last day of prescription in a court of improper venue and each Defendant was not served until after the running of the one year prescriptive period. Plaintiff opposed the exception of prescription arguing that because the suit had been timely filed in a court of proper venue as to State Farm, the suit acted to interrupt prescription as to all joint tortfeasors; thus, Plaintiff argued that the timely suit against State Farm acted to interrupt prescription as to the relators. , •
A hearing was held on the exception of prescription at which hearing no evidence was introduced. The trial court denied the exception without reasons.[4] The relators have filed the instant writ application praying for reversal of this ruling and for dismissal of Plaintiffs suit as prescribed.
*555 I SUPERVISORY RELIEF
A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. In cases in which a peremptory exception has been overruled by the trial court, the appellate court appropriately exercises its supervisory jurisdiction when the trial court’s ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved. In such instances, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided, in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (per curiam).
Charlet v. Legislature of State of Louisiana, 97-0212, p. 6 (La.App. 1 Cir. 6/29/98), 713 So.2d 1199, 1202, writs denied, 98-2023, 98-2026 (La.11/13/98), 730 So.2d 934.

. Plaintiff, avers in the first paragraph of her petition that she is a resident and domiciliary of Avoyelles 'Parish, Louisiana.

. The record does not reflect that the error in the caption was noticed or corrected.

. Neither the relators nor the respondent, Ms. Shepard, who filed an opposition memorandum to the writ application in this court, attached a copy of the relators' exception of improper venue. Therefore, we must rely on the allegations of the memoranda, the attachments thereto, and the judgment on the exception of improper venue to surmise the basis for the exception.

.No transcript of the hearing has been provided to this court; therefore, the statement that no oral reasons were given by the trial court is básed on the statements made in the memoranda filed in this court.