PER CURIAM:
| (Writ granted in part; otherwise denied. Previously, in State v. Sadeghi, 16-0093 (La. 6/28/16), we remanded this matter to the district court “to allow defendant to plead the unconstitutionality of La.R.S. 46:1846 as applied to him and for the issue to be fully litigated.” (Emphasis added). Although a hearing on the constitutional question commenced on August 15, 2016, the order on remand was not fully satisfied because the district court did not issue a ruling on the merits. Instead, prior to fulfilling the order, the district court granted defendant’s motion to quash three counts and signed an order of appeal filed by the State. Thereafter, the court of appeal stayed any further proceedings because it *241 determined that the trial court was divested of jurisdiction upon the signing of the order of appeal. State v. Sadeghi, 16-0827 (La. App. 4 Cir. 8/17/16). As a result the district court is unable to comply with this court’s previous order.
|2Under the unusual circumstances presented here, which include a time-sensitive challenge to the constitutionality of La. R.S. 46:1846 to the extent it may bar defendant from any contact with his children, and an outstanding order of this court that cannot be fulfilled, this court will exercise its plenary supervisory jurisdiction to dismiss the appeal, reverse the quashal, and restore the status quo ante so that the trial court may proceed in an orderly manner in the interests of judicial efficiency while preserving for all parties the opportunity to seek review of any adverse rulings. Cf. Herlitz Construction v. Hotel Investors of New Iberia, 396 So.2d 878 (La.1981) (per curiam) (“A [reviewing court] has plenary power to exercise supervisory jurisdiction over district courts,” and should exercise it in the interests of “judicial efficiency” to avoid “waste of time and expense of ... possibly useless future”- proceedings). The court of appeal is directed to dismiss the appeal and remand to the trial court. The trial court is directed to decide the constitutional, question and then rule on the motion to quash. In addition, a careful review of the record reveals, that the trial court denied defendant’s motion to sever after it signed the order of appeal. Therefore, the trial court is further directed to rule on the motion to sever before signing any order of appeal.
GUIDRY, J., dissents and, would deny.