# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LINDA LOVE

VERSUS

RAYMOND NELSON, QUICK WAY
FOOD STORE, INC., AND JAMES
BALLARD, SR.

NO.  2020 CW 1050

**JANUARY 13, 2021**

---

In Re:    Ballard's Petroleum, Inc., and James Ballard, Sr.,
          applying for supervisory writs, 21st Judicial District
          Court, Parish of Tangipahoa, No. 20153622.

---

**BEFORE:   WHIPPLE, C.J., GUIDRY, WELCH, LANIER AND HESTER, JJ.**

**WRIT GRANTED.**  The portion of the trial court's September 8, 2020 judgment denying, in part, the motion in limine filed by defendants, James Ballard, Sr. and Ballard Petroleum, Inc., is reversed to the extent it allowed the plaintiff to present evidence of the total amount of past medical expenses billed by the medical providers.  Pursuant to **Simmons v. Cornerstone Investments, LLC**, 2018-0735 (La. 5/8/19), 282 So.3d 199, "the amount of medical expenses charged above the amount actually incurred is not a collateral source and its exclusion from the purview of the jury was proper." **Id.** at 200.  Accordingly, we find the trial court abused its discretion, and the motion in limine is granted and evidence of medical expenses not actually owed and paid by or on behalf of plaintiff, Linda Love, is excluded from evidence at the trial.

**JMG**
**WIL**
**CHH**


**Whipple, C.J. and Welch, J.**, dissent and would deny the writ. The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (*per curiam*), are not met.


COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT