# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

KIRK GONZALES

VERSUS

JOSEPH A. DIMATTIA,
LOUISIANA ROCK
TRANSPORTATION, LLC,
TRUCKING EXPERTS #3, LLC,
AND UNITED SPECIALTY
INSURANCE COMPANY

NO. 2020 CW 1287

**APRIL 08, 2021**

---

In Re:  Joseph A. Dimattia, Louisiana Rock Transportation, LLC, Trucking Experts #3, LLC and United Specialty Insurance Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 664991.

---

**BEFORE:  GUIDRY, McCLENDON, WELCH, CHUTZ AND LANIER, JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** The trial court's November 6, 2020 judgment, which denied the Motion in Limine to Exclude Testimony and Evidence, filed by defendants, Joseph A. Dimattia ("Dimattia"), Louisiana Rock Transportation, LLC, Trucking Experts #3, LLC, and United Specialty Insurance Company, is reversed in part. Evidence related to the number of times Dimattia took the commercial driver's license test, more than two decades prior to the incident at issue, does not have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable, and it is not relevant and not admissible. See La. Code Evid. art. 401 & 402. Accordingly, the trial court abused its discretion in part in denying defendants' Motion in Limine to Exclude Testimony and Evidence. The motion is granted in part, and evidence related to the number of times Dimattia took the commercial driver's license test is excluded from the trial of this matter. However, evidence related to Dimattia not being subjected to an alcohol and drug test after the collision is not excluded from the trial of this matter.

Additionally, the trial court's November 6, 2020 judgment, which granted the plaintiff's Motion to Strike Defendants' Late-Disclosed Safety Expert Witness is reversed. We find the trial court abused its discretion by striking the testimony of defendants' expert, Rodney Ellis, who was disclosed in violation of the deadlines set forth in the Revised Case Management and Scheduling Order. Even though plaintiff's amended petition was filed within the court-ordered deadline, it was subsequent to the deadline for naming experts. Plaintiff has not established he will suffer substantial injustice if Mr. Ellis is allowed to testify, where he has had Mr. Ellis's report since approximately March 25, 2020 and trial herein was continued. Therefore,

plaintiff's Motion to Strike Defendants' Late-Disclosed Safety Expert Witness is denied.   In all other respects, the writ is denied.

**PMc**
**JEW**
**WRC**
**WIL**

   **Guidry, J.,** dissents and would deny the writ.   The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (per curiam) are not met.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT