# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CARMEN HAWKINS

VERSUS

STATE OF LOUISIANA THROUGH
THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS,
OFFICE OF THE LOUISIANA
STATE POLICE, AND ROBERT
BURNS

NO.  2021 CW 0548

**JULY 6, 2021**

---

In Re:    Carmen Hawkins, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 662,625.

---

**BEFORE:    CHUTZ, PENZATO, AND LANIER, JJ.**

**WRIT DENIED.** The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (*per curiam*), are not met.

**WRC**
**AHP**

**Lanier, J.,** dissents and would grant the writ. I would reverse the portions of the district court's April 26, 2021 judgment that denied the objections of plaintiff, Carmen Hawkins, to defendant's, Robert Burns', exhibit 4, unauthenticated records of the Louisiana State Police and Livingston Parish Sheriff's Office, that ordered plaintiff to produce and supplement the record with full deposition transcripts of Robert Grimes and Shelly Scott, and that granted defendant's motion for summary judgment as to plaintiff's claims arising out of Robert Burns' visit to Collision Specialties. See **Poirrier v. Denoux,** 2019-1084 (La. App. 1st Cir. 9/18/20), 2020 WL 5587089 (unpublished). Plaintiff produced factual support sufficient to establish the existence of a genuine issue of material fact as to the claim concerning the visit to the collision repair shop and defendant is not entitled to summary judgment as a matter of law. Accordingly, I would also find the district court erred in assessing plaintiff with all costs. I would deny the motion for summary judgment filed by defendant, Robert Burns, as to plaintiff's claims arising out of Robert Burns' visit to Collision Specialties, with each party to bear their own costs.

COURT OF APPEAL, FIRST CIRCUIT

_____
  DEPUTY CLERK OF COURT
       FOR THE COURT