# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ERICKA GARNER

VERSUS

REDWOOD INVESTMENT COMPANY, CEDARWOOD APARTMENTS, SIMEON ONWUZULIGBO, XYZ APPLIANCE MANUFACTURER, AND XYZ INSURANCE COMPANY

NO. 2021 CW 1230

DECEMBER 2, 2021

---

In Re:  Tyrone Hadley, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 665843.

---

**BEFORE:  McDONALD, LANIER, AND WOLFE, JJ.**

WRIT DENIED. The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (*per curiam*), are not met.

**JMM**
**EW**

Lanier, J., dissents and would grant the writ application. A compromise is a contract; therefore, the basic requirement of consent to contract must be present. **Harris v. Union Nat'l Fire Ins. Co.**, 2019-0443 (La. App. 1st Cir. 1/15/20), 311 So.3d 1130, 1137, writ denied, 2020-00396 (La. 6/3/20), 296 So.3d 1067. Mr. Hadley and plaintiff, Ms. Garner, entered into a compromise. One component of the compromise was that Mr. Hadley and Ms. Garner agreed to settle the litigation with the defendants' primary insurer. At the hearing, Mr. Hadley introduced his affidavit, in which he averred that he did not agree to a settlement at the time the litigation agreement between Ms. Garner and himself was executed. Since Mr. Hadley's consent to settle the case was a prerequisite to entering into the litigation agreement with Ms. Garner, I find that Mr. Hadley met his burden of proof to establish that he did not consent to the litigation agreement and that the district court erred in denying Mr. Hadley's "Motion to Strike Litigation Agreement."

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT