# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ANGELLE ROSE SWAIN

VERSUS

FLEETWASH, INC., JAMES TRAVIS
CORTEZ, THE ESTATE OF CODY JUDE
COVEL, HAMBRON, INC., EDWARD
SMITH, ROBERT L. EMKEY,
PROGRESSIVE INSURANCE COMPANY, ABC
INSURANCE COMPANY, DEF INSURANCE
COMPANY, XYZ INSURANCE COMPANY,
AND DOES 1-50

NO.  2023 CW 0042

MARCH 27, 2023

---

In Re:    Travelers Property Casualty Company of America,
          applying for supervisory writs, 21st Judicial District
          Court, Parish of Tangipahoa, No. 20153370.

---

**BEFORE:    GUIDRY, C.J., PENZATO, LANIER, WOLFE AND MILLER, JJ.**

   **WRIT GRANTED.**   The trial court's December 19, 2022 judgment, which granted the "Motion for Summary Judgment on the Issue of Insurance Coverage," filed by the plaintiff, Angelle Swain, is reversed.   Attached to Swain's motion was an uncertified copy of an insurance policy purportedly issued by defendant, Travelers Property Casualty Company of America ("Travelers").   In its opposition memorandum filed by Travelers with the trial court, Travelers objected to the uncertified copy of the insurance policy.   Unsworn or unverified documents submitted by the parties in support of and in opposition to the motion for summary judgment have no evidentiary value.  **Jackson v. St. Mary Parish Government**, 2021-1317 (La. App. 1st Cir. 8/10/22), 349 So.3d 69, 76, n. 5, writ denied, 2022-01380 (La. 11/16/22), 349 So.3d 1004.  Additionally, responses to requests for production should not be considered.  **Lucas v. Maison Insurance Co.**, 2021-1401 (La. App. 1st Cir. 12/22/22), ---So.3d---, 2022 WL 17843960, *8.   We find the trial court abused its discretion in considering the uncertified copy of the insurance policy, and Swain failed to meet her burden of proof, as the mover.   La. Code Civ. P. art. 966(D)(1).   Accordingly, Swain's "Motion for Summary Judgment on the Issue of Insurance Coverage" is denied.

**JMG**
**AHP**
**WIL**
**SMM**

   **Wolfe, J.**, dissents and would deny the writ. The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (*per curiam*) are not met.

COURT OF APPEAL, FIRST CIRCUIT

_____
          DEPUTY CLERK OF COURT
             FOR THE COURT