# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BAYOU AUTOMOTIVE GROUP, LLC
D/B/A BAYOU CHRYSLER DODGE
JEEP RAM AND BAYOU STATE
AUTOMOTIVE GROUP, LLC D/B/A
BAYOU FORD

VERSUS

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY, HUB
INTERNATIONAL MIDWEST
LIMITED D/B/A HUB
INTERNATIONAL GULF SOUTH,
DAVID W. ALLIGOOD, JANETTE
CAMPBELL, AND XYZ INSURANCE
COMPANY

NO.  2024 CW 0322

**APRIL 11, 2024**

---

In Re:    Hub  International  Midwest  Limited  D/B/A  Hub
          International  Gulf  South,  David  W.  Alligood,  and
          Lanette Campbell, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 712867.

---

**BEFORE:   McCLENDON, WELCH, THERIOT, PENZATO, AND GREENE, JJ.**

   **STAY DENIED; WRIT GRANTED IN PART AND DENIED IN PART.**
The portion of the district court's April 11, 2024 judgment
which granted plaintiffs' motion in limine to exclude evidence
regarding the fault of New York Marine and General Insurance
Company or Risk Point Underwriting Managers, LLC is reversed in
part.  Louisiana Civil Code article 2323 provides, in part, that
in any action for damages where a person suffers injury or loss,
the degree or percentage of fault of all persons causing or
contributing to the injury or loss shall be determined,
regardless of whether the person is a party to the action or a
nonparty, which applies to any claim for recovery of damages for
injury or loss asserted under any law or legal doctrine or
theory of liability, regardless of the basis of liability.  The
district court abused its discretion in excluding evidence of
the fault of New York Marine and General Insurance Company or
Risk Point Underwriting Managers, LLC, and the motion in limine
is denied with regard to such evidence.  However, defendants are
not entitled to introduce evidence as to amounts received by
plaintiffs from its insurer pursuant to the collateral source
rule.  See **Prest v. Louisiana Citizens Prop. Ins. Corp.**, 2012-
0513 (La. 12/4/12), 125 So.3d 1079.  Accordingly, the writ is
denied, in part, to the extent the judgment excludes evidence as
to amounts received by plaintiffs from its insurer.

JEW
MRT
AHP

   McClendon, J., concurs.

   **Greene, J., concurs in part and dissents in part.** I concur
with the denial of the stay but dissent and would deny the

writ. The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) *(per curiam)*, are not met.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT