SHAWN MARK ANDERSON AND
ALLEGRA WILSON ANDERSON

VERSUS

U.S. BANK NATIONAL ASSOCIATION,
THROUGH ITS PARENT U.S. BANKCORP

NO. 24-C-343

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

_____ August 21, 2024 _____

Linda Wiseman
First Deputy Clerk

**IN RE** USAA FEDERAL SAVINGS BANK

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT,
PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE J. STERLING
SNOWDY, DIVISION "C", NUMBER 75720

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator-defendant USAA Federal Savings Bank seeks supervisory review of
a July 26, 2024 interlocutory ruling of the trial court denying relator's Motion for a
New Trial and Motion to Continue Trial Date.

The Supreme Court has instructed the appellate courts to exercise
supervisory jurisdiction when (1) an appellate reversal will terminate the litigation,
(2) there is no dispute of fact to be resolved, and (3) the trial court decision is
arguably incorrect. *Herlitz Constr. Co. v. Hotel Inv'rs of New Iberia*, 396 So.2d
878 (La. 1981).

Upon reviewing relator's writ application, these criteria have not been
met. In particular, it is unclear whether reversing the trial court's ruling, delaying
the trial, and forcing the trial court to reset relator's motion for summary judgment
will terminate the litigation. Relator's application also points to unresolved issues
of fact. In consideration of the above and in the interests of judicial economy, we
decline to exercise our supervisory jurisdiction at this time.

Gretna, Louisiana, this 21st day of August, 2024.

**TSM**
**MEJ**

1

SHAWN MARK ANDERSON AND ALLEGRA WILSON ANDERSON

NO. 24-C-343

VERSUS

FIFTH CIRCUIT

COURT OF APPEAL

U.S. BANK NATIONAL ASSOCIATION, THROUGH ITS PARENT U.S. BANKCORP

STATE OF LOUISIANA

**SCHLEGEL, J., DISSENTS WITH REASONS**

I respectfully dissent. USAA timely filed its motion for summary judgment and served it upon all parties on June 21, 2024, 66 days before the August 26, 2024 trial date. It is not relator's fault that the trial court signed a rule to show cause on June 25, 2024 setting a hearing for July 11, 2024, only 20 days after the filing of its motion, in violation of La. C.C.P. art. 966(C)(1)(a).

According to the deadlines set forth in Article 966(C)(1)(a), the trial court should have set the motion for summary judgment between Monday, July 22, 2024 and Friday, July 26, 2024 (the latest date that the hearing could have been set). Therefore, the trial court's grant of plaintiffs' motion to strike was erroneous. *See Digitech Computers, Inc. v. City of Baton Rouge*, 21-1216 (La. App. 1 Cir. 10/20/21), 2021 WL 4892020 (First Circuit vacated the district court's judgment denying as untimely the defendant's motion for summary judgment, noting that the motion and supporting documents were electronically received by the district court and emailed to counsel for plaintiff 66 days prior to the trial).

Furthermore, plaintiffs' motion to strike was procedurally deficient. La. C.C.P. art. 963(B) requires that "[i]f the order applied for by written motion is one to which the mover is not clearly entitled . . . the motion shall be served on and tried contradictorily with the adverse party." *See also Henry v. Baton Rouge Sewer & Drain Serv., Inc.*, 15-1385 (La. App. 1 Cir. 4/15/16), 2016 WL 1545661, at *9.

1

Thus, the plaintiffs' motion to strike was procedurally deficient because it was not accompanied by a rule to show cause requesting that the motion be set for hearing.

Accordingly, I would grant USAA's writ application, reverse and vacate the trial court's judgment striking USAA's motion for summary judgment as untimely and grant USAA's motion to continue trial date.  I would further remand this matter with instructions to the trial court to set USAA's motion for summary judgment for hearing in accordance with the deadlines contained in La. C.C.P. Article 966.

**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/21/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-343**

CURTIS B. PURSELL
CLERK OF COURT

**E-NOTIFIED**

40th District Court (Clerk)
Honorable J. Sterling Snowdy (DISTRICT JUDGE)
Camalla M. Kimbrough (Relator)        Katie L. Dysart (Relator)
                                       Marc R. Michaud (Respondent)
                                       Carli M. Worsham (Relator)

**MAILED**