# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CHARLES E. BATES AND STACY
BATES

NO. 2024 CW 0956

VERSUS

PAGE 1 OF 2

PROGRESSIVE TRACTOR AND
IMPLEMENT CO., LLC, KEN
BORDELON, EMC INSURANCE
COMPANY, MACDON, INC. AND
CNH INDUSTRIAL AMERICA, LLC

**FEBRUARY 25, 2025**

In Re: Charles E. Bates and Stacy Bates, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 672829.

BEFORE: **PENZATO, MILLER, GREENE, STROMBERG AND CALLOWAY,**[1] **JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** The district court's August 28, 2024 judgment denying as premature plaintiffs' motion to exclude evidence of any alleged defect in the machinery involved is reversed in part. La. Code Civ. P. art. 966(G) provides in pertinent part:

> When the court renders judgment . . . that a party or nonparty is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, that party or nonparty shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or nonparty[.]

The manufacturer of the machinery involved, MacDon, Inc., was dismissed after the grant of its motion for summary judgment. **Bates v. Progressive Tractor and Implement Co., LLC,** 2021-0338 (La. App. 1st Cir. 12/22/21), 340 So.3d 71. Thus, any evidence to establish MacDon, Inc.'s fault is inadmissible under La. Code Civ. P. art. 966(G), and plaintiffs' motion is granted in part as to this evidence. There was no evidence regarding the dismissal of CNH Industrial America, LLC. In all other respects, the writ application is denied.

**AHP**
**HG**
**TPS**

**Miller, J.,** concurs with the writ grant in part but would deny in part because the criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (*per curiam*) are not met.

---

[1] **Calloway, J.,** serving as judge *pro tempore* of the Court of Appeal, First Circuit, by special appointment of the Louisiana Supreme Court.

**Calloway, J.,** dissents. The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (*per curiam*) are not met.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT