| CEDRIC DENT | * | NO. 2025-K-0521 |
|---|---|---|
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **STATE OF LOUISIANA** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 562-905, SECTION "D"
Judge Kimya M. Holmes,
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

*JENKINS, J., DISSENTS AND ASSIGNS REASONS*


Liz Murrill
Louisiana Attorney General
Irena Zajickova
J. Taylor Gray
J. Bryant Clark, Jr.
Assistant Attorneys General
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804

   COUNSEL FOR RELATOR/DEFENDANT


Zachary Crawford-Pechukas
Innocence Project New Orleans
4051 Ulloa Street
New Orleans, LA 70119

Blair G. Brown
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20036

Josh T. Mathew

ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 19th Floor
New York, NY 10022

COUNSEL FOR RESPONDENT/PLAINTIFF

**WRIT GRANTED; JUDGMENT REVERSED;
PROCEEDINGS STAYED**

**AUGUST 21, 2025**

*JCL*

*KKH*

Applicant, the State of Louisiana, through the Louisiana Attorney General, Liz Murrill ("State"), seeks supervisory review of the district court's August 15, 2025 judgment denying its renewed motion to stay proceedings filed by the respondent, Cedric Dent ("Dent"), pending wrongful conviction compensation petition under La. R.S. 15:572.8. For the reasons below, we grant the writ, reverse the district court's ruling, and stay all proceedings pending the Louisiana Supreme Court's resolution of *Williams v. State*, 2025-KK-0688.

Respondent, Cedric Dent ("Dent"), filed the instant state court petition for compensation on August 5, 2024. Over a year earlier, on August 3, 2023, Dent filed a civil action under 42 U.S.C. § 1983 in the U.S. District Court for the Eastern District of Louisiana (No. 23-03104), arising from the same prosecution and conviction. The two proceedings share overlapping factual and legal allegations, including claims of factual innocence and *Brady* violations. The State moved for a stay of the state proceeding, citing judicial economy and the risk of conflicting rulings. That request was denied by the district court on February 10, 2025; this

Court denied writs on February 21, 2025 (No. 2025-K-0118), and the Louisiana Supreme Court denied writs on March 12, 2025 (No. 2025-KK-0263). However, on July 31, 2025, the Louisiana Supreme Court granted writs and ordered a stay in *Williams v. State*, and on August 1, 2025, the Louisiana Supreme Court ordered a stay in *Moses v. State*, 2025-KK-0691 c/w 2025-KK-0934, both of which cases presented identical procedural circumstances as the case *sub judice*. On August 13, 2025, the State filed a renewed motion to stay in this matter, again requesting suspension of proceedings until the Supreme Court resolves *Williams*. The district court denied the renewed request on August 15, 2025, prompting this timely application for supervisory review.

A court of appeal "has supervisory jurisdiction over cases which arise within its circuit." La. Const. art. V, § 10(A). In *Herlitz Const. Co. v. Hotel Invs. of New Iberia, Inc.*, 396 So.2d 878 (La. 1981), the Supreme Court cited "judicial efficiency and fundamental fairness to the litigants" as factors that "dictate[] that the merits of the application for supervisory writs should be decided." *See also*. We find such factors present here.

We review the trial court's denial of a motion to stay under an abuse of discretion standard. *Adams v. Sutton*, 19-1105, p. 8 (La. App. 4 Cir. 10/12/22), 351 So.3d 391, 398.

The legal issues in the case *sub judice*, *Williams*, and *Moses* are the same: whether a state court wrongful conviction compensation proceeding under La. R.S. 15:572.8 should be stayed pending resolution of a parallel federal § 1983 action

2

based on the same prosecution. In *Williams* and *Moses*, the Louisiana Supreme Court stayed proceedings and ordered briefing on the very question raised here, namely, whether concurrent litigation raises a risk of double recovery, inconsistent findings, or judicial inefficiency. *See Williams v. State*, 2025-KK-0688 (La. writ granted 7/31/25); *Moses v. State*, 2025-KK-0691 c/w 2025-KK-0934 (La. stay granted 8/1/25).

While Dent argues that the denial of the prior writ on this issue is controlling, we find that the intervening grants of writ and stays in *Williams* and *Moses* warrant reconsideration. The Supreme Court's acceptance of the question in *Williams* strongly indicates an intent to resolve the stay issue uniformly. Allowing Dent's hearing to proceed ahead of that resolution risks creating legal uncertainty and undermining the coordinated administration of justice.

The district court abused its discretion by denying the State's renewed motion to stay under these changed procedural circumstances. We find that a temporary stay is warranted to avoid inconsistent outcomes, to preserve judicial resources, and to maintain procedural parity with the pending *Williams* matter.

The dissent contends that the federal and state proceedings involve separate causes of action and different burdens of proof, and therefore present no meaningful risk of overlap or inconsistency. This view ignores the practical and legal relationship between the proceedings. In both cases, Dent advances the same central factual claim, that he is factually innocent of the offense for which he was convicted, and that this innocence was obscured by *Brady* violations. That singular

3

claim of factual innocence serves as the issue for both his federal constitutional theory and his state compensation petition.

Moreover, it is not the legal theory but the underlying factual and evidentiary overlap that raises the real concern and the duplication of witness testimony, inconsistent factual findings, double recovery, and inefficient use of judicial resources. This overlap creates a serious risk that two courts may rule on the same factual record under different burdens of proof possibly reaching differing conclusions. This is precisely the type of procedural conflict that a temporary stay is meant to prevent.

The dissent further asserts that the State will suffer no harm in allowing Dent's trial to proceed, but that ignores the broader structural interest in maintaining consistency among similarly situated cases. The district court's denial of a stay here would allow this case to proceed ahead of *Williams*, undermining the Supreme Court's directive in that case and causing precisely the fragmented litigation landscape that the Supreme Court's intervention aims to avoid.

Finally, we must respectfully disagree with the dissent's implication that a temporary delay in Dent's hearing equates to an unjust denial of his "day in court." This is not a denial but it is a procedural pause, necessary to ensure that his claim is adjudicated under a stable, statewide framework. Moreover, Dent's opportunity to be heard is not lost. It is delayed briefly, in the interest of consistent jurisprudence and to avoid duplicative or conflicting determinations regarding the same factual issues.

Accordingly, we grant the writ, reverse the district court's August 15, 2025 ruling, and order that all proceedings in Docket No. 562-905 be stayed pending final resolution of *Williams v. State*, 2025-KK-0688, before the Louisiana Supreme Court.

**WRIT GRANTED; JUDGMENT REVERSED;**
**PROCEEDINGS STAYED**