# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

GHASSAN ZABEN

VERSUS

MOHAMMAD M. FAROOQI AND
TALAT FAROOQI

NO. 2025 CW 1229

**FEBRUARY 24, 2026**

---

In Re:   Ghassen Zaben, applying for supervisory writs, 19th
Judicial District Court, Parish of East Baton Rouge, No.
702394.

---

**BEFORE:   LANIER, WOLFE, AND HESTER, JJ.**

**WRIT DENIED.** The requirements set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (*per curiam*) are not met.

WIL

EW

**Hester, J. dissents.** The trial court's October 16, 2025 judgment, which denied Ghassan Zaben's "Motion to Modify Scheduling Order and Extend Discovery Deadlines" filed on September 8, 2025, should be reversed. Although the trial court is vested with much discretion to amend its pre-trial order, this discretion must be exercised to prevent substantial injustice to the parties who have relied on the pre-trial rulings and structured the preparation and presentation of their cases accordingly. **Quality Env't Processes, Inc. v. Energy Dev. Corp.**, 2016-0171 (La. App. 1st Cir. 4/12/17), 218 So.3d 1045. Only upon a showing of an abuse of a trial court's discretion to amend a pre-trial order should the Court of Appeal intervene. **Id.** The trial date was continued twice without any modification to the scheduling order, and the case management schedule was issued after the ordered discovery deadline. Further, since the filing of this writ application, Mr. Farooqi has filed another motion to continue trial and to set status conference. Thus, I find the trial court abused its discretion in denying Ghassan Zaben's motion to extend discovery deadlines and would remand to the trial court to set new deadlines.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT