NOT DESIGNATED FOR PUBLICATION

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBER
## 2021 CA 0122

## 4 C's LAND CORPORATION, JIMMY CANTRELLE LAND COMPANY, L.L.C., JAMES CANTRELLE AND LEONA CANTRELLE

## VERSUS

## COLUMBIA GULF TRANSMISSION COMPANY AND INDUSTRIAL HELICOPTERS, L.L.C.

Decision Rendered: **DEC 2 2 2021**

* * * * * * *

## ON APPEAL FROM THE
## 17TH JUDICIAL DISTRICT COURT, DIVISION D
## LAFOURCHE PARISH, LOUISIANA
## DOCKET NUMBER 123,238

## HONORABLE CHRISTOPHER J. BOUDREAUX, JUDGE

* * * * * * *

| | |
|---|---|
| P. Albert Bienvenu<br>Metairie, Louisiana | Attorney for<br>Plaintiffs/Appellants<br>James Cantrelle and<br>Leona Cantrelle |
| Kenneth H. Laborde<br>Bradley J. Schwab<br>New Orleans, Louisiana | Attorneys for<br>Defendant/Appellee<br>Industrial Helicopters, L.L.C. |

BEFORE: WOLFE, HESTER, AND BURRIS,[1] JJ.

---

[1] The Honorable William J. Burris, retired, is serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

James and Leona Cantrelle, two of four plaintiffs in this suit, appeal a partial summary judgment dismissing their individual-capacity claims against Industrial Helicopter, LLC, (Industrial), one of two defendants in this suit. After a *de novo* review, we conclude the trial court erred in designating this partial summary judgment as final. Accordingly, we dismiss the appeal and remand this matter to the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

4 C's Land Corporation (4C's) owns a tract of land in Lafourche Parish, Louisiana. Jimmy Cantrelle Land Company, L.L.C. (Cantrelle Land), owns a nearby tract of land. Mr. and Mrs. Cantrelle are officers, directors, and/or members in the two entities, have a camp on the 4C's tract, and have used both tracts for "personal enjoyment, recreation, hunting[,] and the like." At all relevant times herein, Columbia Gulf Transmission Company, LLC (Columbia) has held contractual gas pipeline servitudes that traverse both tracts of land. The applicable servitude agreements grant Columbia the right of ingress and egress on the two tracts for the construction, maintenance, operation, and repair of the pipeline.

In 2012, Columbia hired Industrial to aerially apply herbicide to several miles of its servitude property in south Louisiana, including the 4C's tract and the Cantrelle Land tract (sometimes, the property). Thereafter, in 2013, 4C's, Cantrelle Land, Mr. Cantrelle, and Mrs. Cantrelle filed this suit against Columbia and Industrial, seeking damages and injunctive relief for damage allegedly caused by the herbicide application to the property. The Plaintiffs alleged that Columbia and Industrial did not have the right to spray or otherwise apply chemicals to the property; therefore, both Defendants committed a trespass and Columbia breached the servitude agreements. Alternatively, the Plaintiffs alleged the Defendants negligently damaged trees and vegetation located outside of the servitude boundaries. Additionally, Mr. Cantrelle and Mrs. Cantrelle each individually sought damages for mental anguish

2

and for loss of use of the property.[2]

In 2019, Industrial filed a motion for partial summary judgment, seeking dismissal of Mr. Cantrelle's and Mrs. Cantrelle's individual claims. After a hearing, where the trial court addressed that motion, as well as other motions filed by Industrial and motions filed by Columbia, the trial court then signed a judgment on September 2, 2020, granting Industrial's motion, and stating "that all claims and causes of action asserted in this case by James Cantrelle and Leona Cantrelle in their individual capacities, including but not limited to all claims for mental anguish and loss of use damages, are hereby DISMISSED WITH PREJUDICE." The judgment also stated that it was "designated as a final judgment for purposes of appeal, there being no just reason for delay."

## APPELLATE JURISDICTION

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties and to grant the relief to which they are entitled. La. C.C.P. art. 1. Appellate courts have a duty to examine their subject matter jurisdiction *sua sponte*, even if the litigants do not raise the issue. *Advanced Leveling & Concrete Sols. v. Lathan Co., Inc.*, 17-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 *(en banc)*.

This court's appellate jurisdiction extends only to final judgments, which determine the merits in whole or in part, and to interlocutory judgments made expressly appealable by law. *See* La. C.C.P. arts. 1841 and 2083; *Hoffmann v. Scurria*, 19-1047 (La. App. 1 Cir. 2/21/20), 299 So.3d 723, 727. A judgment that only partially determines the merits of an action will constitute a partial final judgment that is immediately appealable only if authorized by La. C.C.P. art. 1915.

---

[2] The Plaintiffs' claims for injunctive relief against Columbia and Industrial are not at issue herein. Pursuant to their joint motion, the trial court signed a judgment on July 3, 2019, dismissing Mr. and Mrs. Cantrelle's claims "for physical injury to the person of each Mover arising from direct and/or indirect exposure to the herbicides applied by defendants to [the property,]" with prejudice. Pursuant to the motion of 4C's and Cantrelle Land, the trial court signed a judgment on August 11, 2020, dismissing 4C's and Cantrelle Land's claims for "the cost of testing soil for the presence of chemicals" and "the cost for removing chemicals from plaintiffs' lands" with prejudice. And, on September 2, 2020, the trial court signed a partial summary judgment in Industrial's favor, dismissing "all claims and causes of action Plaintiffs have asserted in this case under La. [R.S.] 3:4278.1" with prejudice.

3

*Matter of Succ. of Pellette,* 18-0728 (La. App. 1 Cir. 4/16/19), 2019 WL 1614718, *5. Thus, a partial summary judgment dispositive of a particular issue or theory of recovery may be immediately appealed during ongoing litigation only if it has been properly designated as final by the trial court pursuant to Article 1915B. *See* La. C.C.P. arts. 966E, 1915A(3) and B; *Stanley v. Potts,* 20-1315 (La. App. 1 Cir. 6/4/21), 2021 WL 2283916, *2. Although the trial court herein designated the September 2, 2020 partial summary judgment as final, that designation alone is not determinative of this court's jurisdiction. Rather, jurisdiction hinges on whether the designation was proper. *See Trufund Fin. Servs., Inc. v. City of BR/Par. of EBR,* 20-0800 (La. App. 1 Cir. 4/26/21), 2021 WL 1609238, *3.

When, as here, the trial court provides explicit reasons for designating a partial judgment as final for appeal purposes, the appellate court reviews the propriety of the designation under the abuse of discretion standard. *R.J. Messinger, Inc. v. Rosenblum,* 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122. Under *Messinger,* the following list of non-exclusive factors are to be considered in determining whether a partial judgment should be certified as final: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Trufund,* 2021 WL 1609238 at *3. Further, in determining whether a partial judgment is final for purposes of an immediate appeal, a court must always keep in mind the historic policy against piecemeal appeals. *Id.*; *Crown Oilfield Servs., Inc. v. La. Oilfield Contr. Ass'n Ins. Fund,* 13-0394 (La. App. 1 Cir. 2/19/14), 2014 WL 3533482, *3.

Here, in written reasons for judgment, the trial court explained that it found no just reason for delay and designated the partial summary judgment as final because:

4

[t]he failure to resolve the issues involved would result in unnecessary delay during trial due to the likelihood of extensive proffer of testimony and exhibits, unnecessary expense to litigants in presenting and defending the dismissed claims during said proffer, and inconvenience to the jury. Should proffer of evidence regarding the dismissed claims be improper, the failure to review these rulings immediately could result in a new trial, with further expense to the litigants and further inconvenience to citizens called as potential jurors.

After considering the designated appellate record in light of the relevant legal precepts, we find the trial court abused its discretion in designating the September 2, 2020 partial summary judgment as a final judgment under La. C.C.P. art. 1915B. Any decision by this court on the narrow claims at issue on appeal, *i.e.*, only the Cantrelles' individual claims against Industrial alone, would merely result in inefficient piecemeal resolution of this case. The Cantrelles' individual claims against Industrial are necessarily related to their individual claims against Columbia – the latter claims remain outstanding and the trial court will have to address them as this litigation continues.[3] The relationship between these adjudicated and unadjudicated claims would not necessarily narrow any of the evidence to prove their individual claims against Columbia. *See Crown Oilfield Servs.*, 2014 WL 3533482 at *4. So appellate review of the subject claims will not shorten the trial, will not lessen the Cantrelles' evidentiary burden of having to prove their remaining individual claims, and will not simplify or clarify the ongoing proceeding. *Id.* Further, an appellate decision now on the Cantrelles' individual claims against Industrial would not appreciably lessen Industrial's defense burden, as it must still defend against the other numerous outstanding claims for damages and injunctive relief asserted by 4C's and Cantrelle Land against both Columbia and Industrial. Thus, we conclude appellate review of the Cantrelles' individual claims against Industrial at this stage of the litigation would be of little value. *Accord 4 C's Land Corp. v. Columbia Gas Trans. Co.*, 21-0121 (La.

---

[3] The trial court's September 2, 2020 judgment grants Industrial's motion for partial summary judgment and dismisses "all claims and causes of action asserted *in this case* by [the Cantrelles] in their individual capacities." (Emphasis added.) Although this language could arguably be construed to dismiss the Cantrelles' individual claims against Industrial *and against* Columbia, we note that a court cannot render summary judgment dismissing a claim that has not been challenged by the pleading. *Trufund,* 2021 WL 1609238 at *4. Thus, because Industrial's motion for partial summary judgment could and did seek dismissal of the Cantrelles' individual claims *only against Industrial,* the September 2, 2020 judgment could not have ruled on any claims against Columbia.

5

App. 1 Cir. 10/21/21), ___ So.3d ___, ___, 2021 WL 4930757 (similarly dismissing the Plaintiffs' appeal of a partial summary judgment in favor of Columbia, which judgment dismissed the Plaintiffs' claims against Columbia for damage to trees and vegetation inside the servitude boundaries).

We note that this court has discretionary authority to convert an appeal to an application for supervisory writ and to then rule on the writ. We decline to do so in this case where a ruling would not terminate the litigation and where the parties have an adequate remedy by review on appeal after the trial court renders a final judgment. *See Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc.,* 396 So.2d 878 (La. 1981) *(per curiam); Crown Oilfield Servs.,* 2014 WL 3533482 at *5.

## CONCLUSION

For the foregoing reasons, we conclude the September 2, 2020 judgment is a non-appealable, interlocutory judgment. Accordingly, we dismiss this appeal for lack of appellate jurisdiction and remand this the matter to the trial court for further proceedings. In reaching this conclusion, we express no opinion on the merits of the claims presented. All costs of this appeal are assessed to the appellants, 4 C's Land Corporation, Jimmy Cantrelle Land Company, L.L.C., James Cantrelle, and Leona Cantrelle.

**APPEAL DISMISSED; CASE REMANDED.**