# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

2021 CA 1402
and
2021 CW 1551

OAT TRUSTEE, LLC, SOLELY IN ITS CAPACITY AS TRUSTEE FOR
GIROD TITLING TRUST

VERSUS

ELITE INVESTMENT GROUP, LLC, JASON ADAMS, AND WORLEY
CLAIMS SERVICES, LLC

Judgment rendered:  **JUL 2 9 2022**

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
No. 2020-0000447 – Section "A"

The Honorable Jeffrey S. Johnson, Judge Presiding

* * * * *

Jason F. Giles
Robert G. Harvey, Sr.
Justin Asher Zitler
New Orleans, Louisiana

Attorneys for Defendants/Appellants
Elite Investment Group, LLC, Highland
Ventures, LLC, and Jason Adams


C. Parker Kilgore
Justin J. Marocco
Henry S. Rauschenberger
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant
Worley Claims Services, LLC


Vincent V. Tumminello, III
Brett P. Furr
John A. Milazzo, Jr.
T. Coulter McMahen
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellee
OAT Trustee, LLC, solely in its capacity as
Trustee for Girod Titling Trust

* * * * *

**BEFORE:  GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**HOLDRIDGE, J.**

This appeal involves competing claims to funds held in the district court clerk of court's registry, amongst other issues that arose after the alleged default on two promissory notes related to the sale of commercial property. On the main demand, defendants/appellants, Elite Investment Group, LLC ("Elite"), Jason C. Adams ("Adams"), and Highland Ventures, LLC ("HV") (collectively referred to as "the Adams defendants"), seek review of a partial summary judgment designated as a final judgment in favor of plaintiff/appellee, OAT Trustee, LLC, in its capacity as Trustee for Girod Titling Trust ("OAT"). That judgment declared the funds in the court registry were due and payable to OAT. Regarding the Adams defendants' reconventional demand, the Adams defendants seek review of that part of the district court's judgment that sustained OAT's exception raising the objection of res judicata. The Adams defendants have also filed a writ application, seeking review of the district court's ruling that converted their suspensive appeal to a devolutive appeal.

We find this court lacks jurisdiction to review the district court's grant of the partial summary judgment because it was improperly certified as final under La. C.C.P. art. 1915. Further, because the district court granted the Adams defendants leave to amend their reconventional demand, the judgment granting OAT's exception raising the objection of res judicata is an interlocutory ruling, not subject to appellate review. Finding the **Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La.1981) (*per curiam*) criteria are not satisfied, we decline to exercise our supervisory jurisdiction to review these interlocutory rulings. Further, since we dismiss this appeal for lack of jurisdiction, we also dismiss the related writ application since it is moot.

2

# I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Adams, on behalf of Elite, and Michael A. Worley ("Worley"), on behalf of W Resources, Inc., LLC ("W Resources"), executed an agreement to purchase and sell a commercial site with improvements in Hammond, Louisiana ("the Hammond property") for $6,800,000.00. The sale was conditioned upon a 15-year lease of the facility situated thereon to existing tenant, Worley Claims Services, LLC ("WCS"), with an accelerating monthly rent payment. Elite through its sole member, Adams, obtained a $5,100,000.00 loan amortized over fifteen years from First NBC Bank ("FNBC"). Adams also contributed $1,700,000.00 in cash to finance the purchase. According to the Adams defendants, Worley received $6,800,000.00, payable to his wholly-owned entity, W Resources, at the sale. As the new owner of the Hammond property, Elite executed a new 15-year lease ("the Elite lease), dated September 24, 2015, with WCS; Worley signed on behalf of WCS.

At the same time, Elite executed a mortgage and a related promissory note ("the Elite note") in favor of FNBC to secure the indebtedness related to Elite's purchase of the property. Elite also executed an assignment of leases and rents ("the ALR") in favor of FNBC as security for the Elite loan. Additionally, HV, whose only member is Adams, executed a note ("the Highland note") and mortgage, in which it mortgaged certain immovable property located in East Baton Rouge ("the Highland Property"), thereby agreeing to fulfill Elite's and Adams' obligations under the Elite note.

In April 2017, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for FNBC. While the FDIC was in receivership, the Adams defendants made payments on the Elite loan. In November 2017, the FDIC assigned the Elite and Highland notes and mortgages and the ALR to Girod LoanCo. Girod LoanCo then sent written notice to Elite and WCS notifying them Girod LoanCo

3

was exercising its right to receive rent relative to the 2015 lease directly from WCS. In January 2018, Girod LoanCo assigned the note and mortgage to Girod Titling Trust ("Girod").

In August 2018, a law firm representing WCS sent a letter to Elite and Girod LoanCo, informing them that WCS had not authorized the September 2015 lease and that WCS would no longer pay rent for use of the Hammond property premises. The letter further explained:

> WCS discovered the existence of the Elite Lease upon its review of the original lease for the same property[,] which was dated December 7, 2007 and was to expire at the end of 2017. Since March 2017, WCS has paid under protest to [Girod LoanCo] the lease payments while WCS investigated the circumstances surrounding the execution of the Elite lease.

> WCS has completed that portion of the investigation and as it originally surmised, the Elite Lease was not authorized by WCS and in fact was executed without the knowledge of WCS. …[A]lthough [Worley] may have represented to Elite that he had authority …, he was not … even a member of WCS when he executed the lease. …[I]t is clear under the operating agreement that [Worley] did not have authority to execute the lease and bind WCS.

After WCS stopped paying the monthly rent, Elite filed a complaint in federal court against WCS, seeking to accelerate the rent due under the 2015 lease. **Elite Investment Group, LLC v. Worley Claims Services, LLC**, No. 18-9985 (E.D. La) ("the first federal suit"). WCS answered the suit and denied the existence of a valid lease. Girod filed a complaint in intervention in the federal suit, asserting it was the holder and owner of the Elite mortgage and that it had been assigned the ALR. In August 2019, WCS moved to deposit funds in the court registry in the amount of the rent due under the 2015 lease at that time. The federal court granted the request, and ordered the Clerk of Court to accept WCS's deposit, as well as any additional monthly rental payments made by WCS. On October 3, 2019, the case was dismissed without prejudice for lack of subject matter jurisdiction. See Order and Reasons,

4

**OAT Trustee, LLC v. Elite Investment Group, LLC,** No. 20-554-WBV-MBN (E.D. La. 9/8/2020).

In September 2019, shortly before the dismissal of the first federal suit case, WCS filed a complaint in federal court against Elite, seeking a declaration that the 2015 lease was null and seeking damages for unjust enrichment. See **Worley Claims Services, LLC v. Elite Investment Group, LLC,** Civ. A. No. 19-12626 ("the second federal suit"). Elite answered the suit and filed a counterclaim against Worley, again seeking an acceleration of the rent owed under the 2015 lease.[1] On February 4 2020, upon WCS's motion, the federal court ordered the transfer of the funds deposited in the court registry from the first federal suit to the second federal suit. On February 10, 2020, the second suit was resolved pursuant to a settlement. The Court issued a stipulated final judgment, declaring the 2015 Lease was unenforceable, because Worley did not have authority to enter into a lease with Elite on WCS's behalf and denying Elite's motion for summary judgment. See Order and Reasons, **OAT Trustee, LLC v. Elite Investment Group, LLC,** No. 20-554-WBV-MBN (E.D. La. 9/8/2020). Pursuant to the settlement agreement, WCS would tender $2,000,000.00 ("the settlement funds") to Elite, and all claims in the second federal lawsuit and in Elite's counterclaim would be dismissed, with Elite agreeing to indemnify WCS for any claims brought against it by Girod or Girod LoanCo with respect to the 2015 lease of the Hammond property. The settlement agreement confirmed that the $2,000,000.00 was inclusive of the money in the Court registry. On February 11, 2020, the federal district court issued an order directing the clerk

---

[1] In November 2019, OAT filed a motion for leave to file a complaint in intervention, seeking to assert its right to all of the rents that Worley had deposited into the court registry. OAT subsequently withdrew its motion in lieu of complying with the federal court's December 11, 2019 order requiring it to substitute its proposed complaint in intervention with a pleading that adequately alleged the citizenship of the parties for purposes of diversity jurisdiction. See Order and Reasons, **OAT Trustee, LLC v. Elite Investment Group, LLC,** No. 20-554-WBV-MBN (E.D. La. 9/8/2020).

of court to disburse the Court registry funds to WCS in the principal amount of $967,306.77 (apparently so these funds could be tendered to Elite). **Id.**

On February 12, 2020, and before the settlement funds could be distributed to WCS, OAT filed the instant suit against Elite, WCS, and Adams in the Twenty-First Judicial District Court.[2] OAT alleged the Elite note was past due, and that Girod, as current holder of the Elite note and pursuant to the ALR, has a security interest in all rents paid to occupy the Hammond property, including the "back rent" that had been deposited into the federal court registry. OAT sought a writ of sequestration, ordering the Sheriff of Tangipahoa Parish to seize the registry funds.[3] OAT also sought a declaratory judgment that the back rent was due and payable to Girod under the terms of the ALR. On February 12, 2020, the district court issued a sequestration order that directed the Sheriff to sequester the funds in the federal court registry.

WCS filed a reconventional demand for a concursus, asserting while it made no claims to the settlement funds, it had received competing claims to these funds.[4] WCS prayed for the court to order the court registry to accept the funds and to render judgment declaring who was entitled to the funds.[5] On October 8, 2020, the district court signed an order directing the clerk of court to deposit the settlement funds into the court registry.[6]

---

[2] Adams was named in an amending petition.

[3] At this juncture, the funds remained in the federal court registry but they were later released to WCS.

[4] At this point, the funds from the federal court registry were being held in trust by WCS's counsel with the knowledge and consent of both Elite and OAT.

[5] In answer to WCS's Reconventional Demand for Concursus, OAT made a claim for payment and prayed for a judgment declaring that any amounts to be paid to Elite under the WCS settlement are subject to the ALR.

[6] Pursuant to OAT's voluntary motion, the district court signed an October 20, 2020 judgment that dismissed OAT's claims against WCS with prejudice. The judgment further stated, "All of [OAT's] claims and causes of action against any other parties in this matter remain in dispute and shall not be affected by this dismissal, including but not limited to, any and all claims as to the

6

OAT then amended its petition, seeking judgment in its favor against Elite and Adams under the Elite note, judgment against HV as guarantor of the Elite and Highland notes, judgment against Adams as guarantor of the Highland note, a declaration that the entirety of the settlement funds is subject to the ALR and due and payable to OAT, and the sequestration of those funds. OAT asserted it had proceeded by executory process to seize and sell the 2015 Lease, the Hammond Property, and the Highland property; OAT sought to recover the remaining amounts due on each underlying note. The petition asserted that after appraisal and sale of the 2015 Lease and the Hammond property, the Adams defendants still owed $5,612,707.61 under the Elite note, with interest, costs, and attorneys' fees. And with respect to the Highland Note, after the Highland Property was sold at sheriff's sale, HV and Adams still owed $2,206,476.96, with interest, costs, and attorneys' fees.

Elite and Adams answered the amended petition for sequestration, denying liability to OAT, raising affirmative defenses, and filing a petition for reconventional demand and declaratory judgment. Elite and Adams alleged that OAT was liable for misallocation, conversion of funds, failure to pay, tortious interference, unfair trade practices, and intentional infliction of emotional distress. They asserted the monthly rents collected through 2018 were sufficient to service the Elite loan. Elite and Adams asserted OAT collected the monthly rents, but failed to properly apply the funds to the loan and imposed onerous fees and penalties. Further, Elite and Adams assert that OAT's subsidiary purchased the property at sheriff's sale well below market value, "backhandedly control[ling] the deficiency amount allegedly owed"

---

$2,000,000 deposited by [WCS] into the [court registry] in accordance with its Reconventional Demand for Concursus."

On November 6, 2020, the district court issued an amended sequestration order, directing the settlement funds would remain in the court registry during the pendency of this action, and ordering that OAT's $50,000.00 cash bond would remain in effect.

by them.[7] Elite and Adams maintained the total sum of "rent" held in the federal court registry prior to settlement was only $967,306.77. Thus, in its reconventional demand, Elite sought a "declaratory judgment releasing [to it] ... [the remaining] $1,032,693.23" from the settlement funds in the Court registry. In answering WCS's reconventional demand for concursus proceeding, Elite and Adams prayed for a declaration that the settlement funds are not subject to the ALR.

HV adopted the "answers, defenses, and positions" set forth by Elite and Adams.

OAT then filed a motion for summary judgment, seeking a declaration that the $2,000,000.00 in the court registry is "rent" from the Hammond property and, therefore, is due to OAT as security for the Elite note under the terms of the ALR. Further, OAT prayed for a deficiency judgment against the Adams defendants with respect to both the Elite and Highland notes. OAT also prayed that all of the Adams defendants' reconventional claims be dismissed with prejudice.

In March 2021, OAT filed a peremptory exception raising the objection of res judicata to the Adams defendants' reconventional demand, seeking the dismissal of their claims with prejudice.[8]

On May 27, 2021, the district court signed a partial final judgment sustaining OAT's peremptory exception raising the objection of res judicata, but granting the Adams' defendants fifteen days to amend their reconventional demand. The judgment also granted OAT's motion for summary judgment in part and "deferred [it] in part." The judgment further found that there was "no genuine issue of material

---

[7] OAT set forth in its amending petition that the 2015 Lease and the Hammond Property were adjudicated to Girod REO, LLC for $1,821,667.00.

[8] The pleading set forth, "The majority of the claims set forth in the Adams defendants' reconventional demand were dismissed, with prejudice, on October 21, 2020, by ... the [Twenty-Fourth] Judicial District Court."

8

fact" and found OAT was entitled to summary judgment as to its request for declaratory relief, declaring:

- The $2,000,000 deposited in the [court registry] pursuant to [WCS's] "Reconventional Demand for Concursus[,]" including the amounts sequestered by [Oat], is found by the [c]ourt to be rent as contemplated in that certain [ALR held by Girod] ... and is, therefore, subject to the [ALR] and security interest in favor of Girod and is security for the promissory note ... made and executed by [Adams and Elite] in the original principal amount of $5,100,000.00.

- The $2,000,000.00 deposited in the [court registry] is due and immediately payable to [OAT] solely in its capacity as Trustee for [Girod].

**IT IS FURTHER ORDERED** that the clerk of [c]ourt transfer the $2,000,000.00 deposited into the [court registry] to OAT ....

**IT IS FURTHER ORDERED** that portion of [OAT's] Motion for Summary Judgment seeking [a deficiency judgment] is deferred pending [the Adams' defendants'] amended Reconvention Demand at which time, [OAT] is hereby granted the right to re-urge its motion for summary judgment seeking a deficiency judgment.

. . .

**IT IS HEREBY ORDERED** that this Judgment is a partial final judgment pursuant to [La. C.C.P. art. 1915(B)] as there is no just reason for delay.

On June 14, 2021, OAT filed multiple exceptions, including another exception raising the objection of res judicata. On June 22, 2021, the Adams defendants filed a "Notice of Intent to Appeal" the May 27, 2021 judgment. Thereafter, the Adams defendants filed a motion to grant a suspensive appeal, without bond.[9] OAT opposed the Adams defendants' motion, urging if the Adams defendants failed to post a suspensive appeal bond by July 7, 2021, the appeal should be converted to a devolutive appeal.

---

[9] **See** the Adams defendants' supplement to its writ application pending before this Court. By order dated March 14, 2022, the writ application was referred to this panel. **OAT Trustee, LLC, Solely in Its Capacity as Trustee for Girod Titling Trust v. Elite Investment Group, LLC, Jason Adams, and Worley Claims Services, LLC**, 2021 CW 1551 (La. App. 1st Cir. 3/14/2022) (unpublished action).

9

On July 13, 2021, the district court entered an order granting a suspensive appeal to the Adams defendants; the order stated, in pertinent part:

> [N]o security bond ... is required under [La. C.C.P. art. 2124(B)(2)], insofar as the sequestered fund of ... $2,000,000.00 ... remains *in custodia legis*. The Clerk of Court is directed to prepare a certified copy of the record ..., together with his estimate of time and costs, including any costs for fund maintenance ... to be set by clerk."

According to OAT's appellee brief, two days later, the clerk of court sent a check for the amount of the funds in the court registry to OAT's counsel. OAT's counsel did not negotiate the check, and later returned the funds to the Clerk of Court.[10] On August 9, 2021, the Clerk of Court estimated appeal costs and provided notice to counsel "that costs are due on or before August 29, 2021." The Adams defendants paid these costs on August 26, 2021. Because the Adams defendants had not posted any security or paid any costs by July 7, 2021, OAT filed a motion seeking the dismissal of the suspensive appeal. Following a hearing, the district court signed an October 20, 2021 judgment that granted OAT's motion and converted the Adams defendants' suspensive appeal to a devolutive appeal.

On August 23, 2021, the district court heard OAT's second exception raising the exception of res judicata and other exceptions. On September 16, 2021, the district court signed a judgment, which sustained the second exception of res judicata and dismissed "Elite's [the Adams defendants'] reconventional demands against Girod [OAT] WITH PREJUDICE...." (See supplement to writ application in 2022 CW 0299) The Adams defendants later filed a writ application, which challenged the district court's denial of its motion for new trial as to the granting of the exception of res judicata. This court granted the writ in part for the limited purpose of remanding the case to the district court with instructions to grant the Adams

---

[10] The district court also ordered the return of the funds to the Clerk of Court by judgment dated September 16, 2021.

10

defendants a devolutive appeal pursuant to the pleading that notified the district court of their intention to seek writs. This court recognized that the district court's September 16, 2021 judgment is a final appealable judgment. This court further stated that it considered the Adams defendants' request for review of the denial of a motion for new trial as an appeal of the judgment on the merits because it was clear they intended to appeal the merits of the case. **OAT Trustee, LLC, Solely in its Capacity as Trustee for Girod Titling Trust v. Elite Investment Group, LLC**, 2022-0299 (La. App. 1st Cir. 6/21/2022), 2022 WL 2230867.[11]

Pursuant to an application for supervisory review, the Adams defendants have sought review of the district court's October 20, 2021 judgment that converted the Adams defendants' suspensive appeal to a devolutive appeal.[12] **OAT Trustee, LLC, Solely in Its Capacity as Trustee for Girod Titling Trust v. Elite Investment Group, LLC, Jason Adams, and Worley Claims Services, LLC**, 2021 CW 1551 (La. App. 1st Cir. 3/14/2022). However, the Adams defendants filed an *ex parte* motion for stay pending its application for supervisory writs, which the district court granted on October 25, 2021.

Pursuant to its appeal of the May 27, 2021 judgment, the Adams defendants raise several assignments of error.[13]

---

[11] It appears three subsequent judgments were also signed that addressed OAT's second exception of res judicata, two on September 29, 2021 and one on November 16, 2021. All dismissed the defendants' reconventional demands with prejudice. (See R.p. 1154 and 1158). Also see supplement to 2022 CW 0299 writ application.)

[12] Proposed language ordering the Clerk of Court to "issue the $2,000,000.00 held in the registry of the Court, with interest, to [OAT]..." was struck from the judgment.

[13] The Adams defendants urge the district court erred by: 1) entertaining OAT's motion for summary judgment absent a "list of legal elements" for summary judgment; 2) granting the partial motion for summary judgment where the Adams defendants produced material countervailing evidence in support of its affirmative defenses to the validity of the note and the ALR; 3) granting OAT's peremptory exception raising the objection of res judicata; 4) rendering interlocutory rulings after signing the order granting the instant appeal; 5) "failing to address the [clerk of court's distribution of $2,000,000.00] to a party," entertaining post-divestiture matters reviewable under the instant appeal, and by "failing to address Girod's access to court in violation of statutory doing-business laws."

11

## II.  ANALYSIS

### A.  The Appeal

#### 1.  Partial Summary Judgment on the Main Demand

At the outset, we note that appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). A partial summary judgment rendered pursuant to La. C.C.P. art. 966(E) may be immediately appealed during ongoing litigation only if it has been properly certified as final by the district court. See La. C.C.P. art. 1915(A)(3) & (B); **Belleview Estates, LLC v. Knoll & Dufour Lands, LLC**, 2019-1394 (La. App. 1st Cir. 9/21/20), 315 So.3d 252, 258. Although the district court designated the May 27, 2021 partial summary judgment as a final one pursuant to La. C.C.P. art. 1915(B)(1), that designation is not determinative of this court's jurisdiction. Rather, this court's jurisdiction to decide this appeal hinges on whether the certification was appropriate. **Templet v. State ex rel Department of Public Safety and Corrections**, 2005-1903 (La. App. 1st Cir. 11/3/06), 951 So.2d 182, 185.

Historically, our courts have adopted and followed a policy against multiple appeals and piecemeal litigation. Louisiana Code of Civil Procedure article 1915 attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122. Thus, in considering whether a judgment is properly designated as final pursuant to La. C.C.P. art. 1915(B)(1), a court must take into consideration judicial administrative interests as well as the equities involved. **Id**. Because the district court

12

herein did not give reasons for the certification, this court must make a *de novo* determination of whether the certification was proper. **Id.**

The factors to be considered in determining whether a partial judgment should be certified as appealable include: (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. However, the overriding inquiry is whether there is no just reason for delay. **R.J. Messinger, Inc.**, 894 So.2d at 1122-1123.

Applying these precepts, we find on *de novo* review that the partial summary judgment before us on appeal was improperly certified as a final judgment pursuant to La. C.C.P. art. 1915(B)(1). In the instant case, the adjudicated and non-adjudicated claims are very much intertwined; OAT seeks a declaration that it is entitled to the sequestered funds under the ALR, but whether OAT is entitled to collect the outstanding balance on the notes, i.e., a deficiency judgment, has not yet been addressed by the district court. The need for review of at least some of the issues presented in this appeal could be mooted by future developments in the district court. The rendering of a final money judgment in favor of OAT and against the Adams defendants would pretermit a determination regarding whether the funds in the court registry should be specifically disbursed to OAT pursuant to the terms of the ALR. Further, when the May 27, 2021 judgment was appealed, the Adams defendants had raised numerous affirmative defenses in their answer to OAT's petition and although their reconventional demand was dismissed pursuant to OAT's first exception raising the objection of res judicata, the Adams defendants had been

13

granted leave to amend its reconventional demand. Upon amendment, resolution of the Adams defendants' affirmative defenses and reconventional demand could have obviated the need for review of some or all of the issues currently raised on appeal. Since the appeal of the May 27, 2021 judgment was granted, however, the Adams defendants' reconventional demands have been dismissed pursuant to OAT's second exception raising the objection of res judicata, which has resulted in a September 16, 2021 final, appealable judgment. This court has instructed the district court to grant the Adams defendants a devolutive appeal from that judgment. **OAT Trustee, LLC, Solely in its Capacity as Trustee for Girod Titling Trust**, 2022-0299. As such, appellate review of the May 27, 2021 judgment at this juncture would not shorten the time required for the district court to resolve the outstanding issues on OAT's main demand.[14] Similarly, if the judgment granting the objection of res judicata is reversed on appeal, all claims contained in the reconventional demand would require action in the district court that would necessitate a new judgment and another possible appeal.

Given the nature of the claims and the procedural posture of this case, we are constrained to find that addressing the issues in the May 27, 2021 judgment at this time would only promote piecemeal appeals, converse to principles of judicial efficiency and economy. Accordingly, pursuant to our de novo review, we cannot conclude that there is no just reason for delay. Therefore, the designation of finality does not meet the **Messinger** requirements, and we dismiss the Adams defendants' appeal of the partial summary judgment. The Adams defendants can seek appellate

---

[14] The district court acknowledged in its partial summary judgment that OAT could re-urge its motion for a deficiency judgment after resolution of the Adams defendants' amended reconventional demand.

14

relief once a final judgment has been rendered on the main demand, and all issues are properly before this court on appeal.

Likewise, we find the Adams defendants' appeal should not be converted into an application for supervisory writs.[15] While this court has the discretion to convert an appeal to an application for supervisory writs, there are limitations on this authority. In **Herlitz**, the Louisiana Supreme Court directed appellate courts to consider an application for supervisory writs under their supervisory jurisdiction, even though relief may be ultimately available to the applicant on appeal, when the trial court judgment was arguably incorrect, a reversal would terminate the litigation, and there was no dispute of fact to be resolved. **Herlitz**, 396 So.2d at 878; see also **4 C's Land Corp.**, 332 So.3d at 128. Here, a reversal of the district court's judgment would not terminate this litigation, in whole or in part, since the judgment at issue does not resolve the entirety of the main demand; the district court did not address whether OAT was entitled to collect "remaining amount[s] due" under each note. Therefore, the granting of a writ application will not terminate the litigation at this time, and the parties have an adequate remedy by review on appeal after a final judgment is rendered. Accordingly, we decline to convert the Adams' defendants' appeal to an application for supervisory writs.

### 2) Res Judicata Ruling on the Reconventional Demand

We next address the Adams defendants' attempt to appeal that portion of the judgment that granted OAT's exception raising the objection of res judicata and granting the Adams' defendants fifteen days to amend their petition. A judgment that permits an amendment within a given delay and does not dismiss the suit does

---

[15] Appellate courts have plenary power to exercise supervisory jurisdiction over lower courts and may do so at any time, at their discretion. See La. Const. art. V, §§ 10A and 16; **4 C's Land Corp. v. Columbia Gulf Transmission Co.**, 2021-0121 (La. App. 1st Cir. 10/21/21), 332 So.3d 123, 127-28.

not constitute a final judgment. <u>See</u> La. C.C.P. arts. 1911, 1915, and 2083; **Burniac v. Costner**, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So.3d 1204, 1209; **Schroeder v. Bd. of Supervisors of LSU**, 540 So.2d 380, 382 (La. App. 1st Cir. 1989).

Further, we decline to exercise our supervisory jurisdiction to review this interlocutory ruling. A reversal of the district court's judgment would not terminate the reconventional demand in whole or in part.

### The Writ Application

Pursuant to their writ application in 2021 CW 1551, the Adams defendants seek review of the district court's judgment that converted their suspensive appeal to a devolutive appeal. Because we dismiss the appeal in its entirety, we dismiss this writ application as moot.

### III. CONCLUSION

For the above reasons, we dismiss this appeal and remand this matter to the district court for further proceedings consistent with this opinion. We further decline to exercise our supervisory jurisdiction to review the May 27, 2021 rulings of the district court. The Adams defendants' writ application in 2021 CW 1551 is denied as moot. The assessment of appeal costs is to await a final determination of this matter.

**APPEAL DISMISSED; WRIT APPLICATION IN 2021 CW 1551 DENIED AS MOOT.**

16