STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

**2023 CA 1322**

**IN THE MATTER OF THE SUCCESSION OF SANDRA LEE PIERRE**

Judgment Rendered: **MAY 3 1 2024**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number P102060, Div./Sec. 26

Honorable Richard "Chip" Moore, Judge Presiding

\* \* \* \* \* \* \*

| | |
|---|---|
| Dale R. Baringer<br>Benjamin J. B. Klein<br>William H. Caldwell<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant,<br>Good Deeds, LLC |
| B. Kyle Kershaw<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Tanique Boatman |
| Kent S. DeJean<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellees,<br>Audrey Pierre Rambo, as Trustee of<br>the Sandra Lee Pierre Special Needs<br>Trust |

\* \* \* \* \* \* \*

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

In this appeal, the appellant seeks review of two judgments rendered by the trial court. After review, we conclude that both judgments are interlocutory and are not immediately appealable. Finding the criteria set forth in *Herlitz Construction Co. v. Hotel Investors of New Iberia, Inc.*, 396 So. 2d 878 (La. 1981) (per curiam) are not satisfied, we decline to exercise our supervisory jurisdiction. Therefore, the motion to dismiss the appeal filed by the appellee is granted, and this appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

A petition for possession was filed in 2016, opening the intestate succession of Sandra Lee Pierre. The petition was filed by the trustee of the Sandra Lee Pierre Special Needs Trust and Shakeydra Pierre, one of the decedent's two daughters, and alleged the decedent's daughters, Shakeydra and Tanique Boatman, were her sole heirs.[1] Pertinently, the petition for possession stated that $306,491.13 remained in the trust in two Wells Fargo accounts. Petitioners prayed that Shakeydra and Tanique be recognized as the decedent's sole heirs and placed into possession of the decedent's estate. The petition further alleged Tanique was estranged from the decedent and her family for years and her whereabouts were unknown. Thus, petitioners prayed for an order instructing the trustee to deposit Tanique's one-half interest in the estate into the registry of the court.

The trial court signed a judgment of possession in November 2016, placing Shakeydra in possession of her undivided one-half interest in the decedent's Wells Fargo accounts and ordering the trustee to place Tanique's undivided one-half interest in the Wells Fargo accounts into the registry of the court.[2]

---

[1] Both Shakeydra and Tanique were over the age of majority when the petition was filed.

[2] Shakeydra and Tanique were also each placed in possession of an undivided one-half interest in the decedent's vehicle, household goods, furniture, and clothing. These assets are not at issue in this appeal.

2

In May 2020, Good Deeds, LLC filed an ex parte motion to release and withdraw funds from the court registry. In its motion, Good Deeds alleged that Tanique's one-half portion of the decedent's estate in the amount of $153,245.56 was deposited into the registry of the court on December 2, 2016. According to the motion, Tanique sold, assigned, and transferred her rights, claims, and ownership to the funds in the registry of the court, with full rights of subrogation, to Good Deeds. Good Deeds prayed for an order instructing the clerk to release the balance of funds held in the court registry to Good Deeds.

Rather than grant the motion ex parte, Judge Donald R. Johnson, serving ad hoc due to Judge Richard "Chip" Moore's unavailability, set the matter for hearing on his own motion. During the August 2020 hearing, Judge Johnson heard testimony from Tanique, who appeared without counsel. Judge Johnson signed a judgment on October 20, 2020, denying Good Deeds's ex parte motion to withdraw the funds and ordering the matter be set for hearing by Section 26 (Judge Moore) to determine whether Good Deeds "obtained an unjust advantage" over Tanique. Specifically, it was revealed during the August 2020 hearing that, after Tanique's share of the decedent's estate was deposited into the court's registry, Good Deeds located Tanique, paid her $30,979.80, and in exchange, purchased Tanique's rights to `$153,245.56 held in the registry of the court.

A hearing was held before Judge Moore in June 2021, after which the matter, i.e., Good Deeds's ex parte motion to withdraw funds, was taken under advisement. On August 24, 2021, Judge Moore issued a ruling and reasons, stating he "legitimately questions whether [Tanique] sufficiently understood the nature of the rights she gave up in consideration of the payment of $30,000.00." The trial court appointed B. Kyle Kershaw as curator ad hoc on behalf of Tanique, who appeared at the June 2021 hearing without counsel, and ordered the matter be set for a contradictory hearing in accordance with a case management order to be submitted

3

by the parties at a later date. A copy of the court's ruling was sent to all counsel of record on September 8, 2021.

On December 17, 2021, Good Deeds filed a motion for devolutive appeal to seek review of the August 24, 2021 ruling and "the prior interlocutory order of October 20, 2020[.]"[3] Thereafter, on November 2, 2023, the trial court signed a written judgment memorializing the August 24, 2021 ruling.[4]

After the record was lodged with this court, Tanique filed a motion to dismiss the appeal, asserting the August 24, 2021 ruling does not determine the merits of the case and is, therefore, a non-appealable interlocutory ruling. Consequently, Tanique asserts this court lacks appellate jurisdiction, and the appeal should be dismissed. Good Deeds did not file a response to Tanique's motion to dismiss; however, Good Deeds acknowledged the October 20, 2020 judgment is interlocutory in its motion for devolutive appeal. Because the August 24, 2021 ruling was reduced to judgment on November 2, 2023, we focus on whether the November 2, 2023 judgment is final and appealable.[5]

**MOTION TO DISMISS**

Louisiana Code of Civil Procedure article 1841 provides that a judgment may be interlocutory or final. A judgment that does not determine the merits, but only preliminary matters in the course of the action, is an interlocutory judgment.

---

[3] Days before signing the order of appeal, the trial court ordered that Mr. Kershaw be appointed to represent Tanique in these proceedings and ordered that citation and a copy of the petition be served on Tanique through her attorney. The proceeding was subsequently stayed by the trial court, pending resolution of this appeal by Good Deeds.

[4] After the record was lodged, Good Deeds moved the trial court to supplement the appellate record with several items, pertinently including a November 2, 2023 judgment from the trial court's August 24, 2021 ruling. The trial court granted the motion; however, the November 2, 2023 judgment was not included in the supplemental appellate record. Pursuant to this court's subsequent interim order, the appellate record was supplemented with the November 2, 2023 judgment.

[5] When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to review of the final judgment appealed. *Dunbar v. Howard*, 2021-1171 (La. App. 1st Cir. 8/16/22), 348 So.3d 738, 743.

4

Conversely, a judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Our appellate jurisdiction extends to final judgments, while an interlocutory judgment is appealable only when expressly provided by law. See La. C.C.P. arts. 1841 and 2083; *Dunbar v. Howard*, 2021-1171 (La. App. 1st Cir. 8/16/22), 348 So.3d 738, 743.

It is undisputed that the October 20, 2020 judgment is interlocutory. Further, the November 2, 2023 judgment, memorializing the August 24, 2021 ruling, does not determine the merits of the case; instead, Good Deeds's motion to withdraw funds remains pending. Thus, the November 2, 2023 judgment is also interlocutory, and there is no codal provision that expressly provides for an immediate appeal in this instance. See La. C.C.P. art. 2083(C).

The proper procedural vehicle to contest an interlocutory judgment is by application for supervisory writ. See La. C.C.P. art. 2201; *Myers v. Diaz*, 2022-0445 (La. App. 1st Cir. 11/4/22), 354 So.3d 78, 81. An interlocutory judgment shall be reduced to writing if the court so orders, if a party requests that it be reduced to writing within ten days of rendition in open court, or if the court takes the interlocutory matter under advisement.[6] The clerk shall mail notice of the subsequent judgment to each party. La. C.C.P. art. 1914(B). In this instance, a notice of intent to file a supervisory writ application must be filed within thirty days of notice of the interlocutory judgment. See La. C.C.P. art. 1914(B); Rules 4-2 and 4-3, Uniform Rules of Louisiana Courts of Appeal. See also *Alost v. Lawler*, 2020-0832 (La. App. 1st Cir. 6/2/21), 326 So.3d 1255, 1261, *writ denied*, 2021-00941 (La. 10/19/21), 326 So.3d 256. Although this court has discretion to convert an appeal to an application for supervisory writs, it may only do so if the appeal would have

---

[6] Otherwise, the rendition of an interlocutory judgment in open court constitutes notice to all parties. La. C.C.P. art. 1914(A).

been timely had it been filed as a supervisory writ application. *Myers*, 354 So.3d at 81; Rule 4-3, Uniform Rules of Louisiana Courts of Appeal.[7]

It is not clear from the record whether the motion for devolutive appeal filed on December 17, 2021, would have been timely had it been filed as a supervisory writ application.[8] Nevertheless, we decline to exercise our supervisory jurisdiction, finding the criteria set forth in *Herlitz Construction Co.*, 396 So.2d 878, are not satisfied.

## DECREE

We grant the motion to dismiss filed by appellee, Tanique Boatman, and dismiss this appeal. All costs of this appeal are assessed against Good Deeds, LLC.

**MOTION TO DISMISS GRANTED; APPEAL DISMISSED.**

---

[7] Good Deeds filed a motion for new trial from the August 24, 2021 ruling, which was denied on October 21, 2021. The filing of a motion for new trial seeking reconsideration of an interlocutory judgment does not interrupt the thirty-day period for filing an application for supervisory writs established by Rule 4-3, Uniform Rules of Louisiana Courts of Appeal. *Myers*, 354 So.3d at 81 n.3. Therefore, we do not consider the motion for new trial in our determination of whether the appeal would have been timely had it been filed as a supervisory writ application.

[8] Since both judgments at issue were reduced to writing pursuant to La. C.C.P. art. 1914(B), the delay for filing a notice of intent to seek supervisory review began when the clerk mailed notice of each judgment to the parties. The record does not contain a notice of judgment from the October 20, 2020 judgment; thus, there is no evidence in the record to establish when the time for filing a supervisory writ application began to run. We also find the time for filing a writ application from the August 24, 2021 ruling did not begin to run until notice of the November 2, 2023 judgment was issued, a date not apparent from the record. See La. C.C.P. art. 1914(B); Rule 4-3, Uniform Rules of Louisiana Courts of Appeal.