# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

TRAVIS J. COLLIER

VERSUS

GREGORY TRAHAN, COSTAL HEAVY
HAULER, LLC, GRAY INSURANCE
COMPANY AND THE TRAVELERS
INDEMNITY COMPANY

NO.  2024 CW 0409

**JUNE 3, 2024**

---

In Re:     Gregory Trahan, Coastal Heavy Hauler, LLC and The Gray
           Insurance Company, applying for supervisory writs,
           19th Judicial District Court, Parish of East Baton
           Rouge, No. 709,081.

---

**BEFORE:    WOLFE, MILLER, AND GREENE, JJ.**

 **WRIT DENIED.**

**SMM**

 **Wolfe, J.**, concurs. The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (per curiam) are not met.

 **Greene, J.**, dissents and would grant the writ in part. I would reverse the portion of the May 6, 2024 judgment of the district court ordering defendants, Gregory Trahan, Coastal Heavy Haulers, LLC and The Gray Insurance Company, to disclose the questions to be asked during the examination at least 7 days in advance of the scheduled examination. Once the court finds the party seeking an additional medical examination has established good cause for same, the court should presume that the examination will be conducted in a reasonable manner. If the opposing party seeks to have restrictions placed on said examination, the burden shifts to that party to establish special circumstances justifying the imposition of said restrictions. In meeting this burden, one may not rely on mere allegations or speculation, but should produce competent evidence establishing a need for the restrictions and the harm which could result without same. In reviewing the pleadings, including the motion to compel additional medical opinion and the opposition filed thereto, I would find that plaintiff failed to produce competent evidence establishing a need for any restrictions required for the examination and what harm might result if such restrictions were not imposed. See **Augustine v. Safeco Insurance Company of Oregon**, 2021-01753 (La. 10/21/22), 351 So.3d 353 (per curiam). The requirement of producing questions 7 days prior to the examination frustrates the importance of the additional medical examination in furthering the pursuit of justice recognized by the Louisiana Supreme Court in **Hicks v. USAA General Indemnity Company**, 2021-00840 (La. 3/25/22), 339 So.3d 1106. In all other respects I would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT



---

DEPUTY CLERK OF COURT
FOR THE COURT