# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

EARNEST WILLIAMS (D), ET AL

VERSUS

UNITED MEDICAL HEALTHCARE
INC. D/B/A UNITED MEDICAL
REHABILITATION HOSPITAL AND
DISC OF LOUISIANA HOLDINGS,
LLC D/B/A DISC OF LOUISIANA,
INC.

NO.   2025 CW 0733

OCTOBER 27, 2025

---

In Re:    Dr. Jeremy James, Garrett Simoneaux, P.A., Diagnostic
          and Interventional Spinal Care of Louisiana, Inc., DISC
          of Louisiana Holdings, LLC, Habibi Holdings, LLC and Dr.
          Khader Samer Shamieh, applying for supervisory writs,
          21st Judicial District Court, Parish of Tangipahoa, No.
          20201288.

---

BEFORE:   THERIOT, MILLER, AND BALFOUR, JJ.

   **WRIT DENIED.** The criteria set forth in **Herlitz Const. Co.,
Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La.
1981) (*per curiam*) are not met.

SMM
KEB

   **Theriot, J.,** dissents and would grant the writ. Where the
relators identified Dr. Milan G. Mody ("Dr. Mody") as an expert
witness in their discovery responses prior to the discovery
deadline, I find the trial court abused its discretion in excluding
Dr. Mody's affidavit. I further find that plaintiffs failed to
meet their burden to show there is no genuine issue of material
fact or that they are entitled to judgment as a matter of law. See
also **Amedee v. Aimbridge Hospitality LLC,** 2021-01906 (La.
10/21/22), 351 So.3d 321, 333 ("Where the affirmative defense is
the comparative fault of others, La. [Civ. Code] art. 2323 requires
the trier of fact to make a determination as to the fault of all
parties."); **Gilboy v. American Tobacco Co.,** 582 So.2d 1263, 1266
(La. 1991) (noting considerations affecting the comparative fault
must be determined at trial on the merits). Therefore, I would
deny the Motion for Partial Summary Judgment and to Strike
Defendants' Affirmative Defenses filed by plaintiffs.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT